460 P.2d 176

**STATE of Arizona, Appellee,**

v.

**Richard C. CARON, Appellant.**

**No. 2010.**

Supreme Court of Arizona.

In Banc.

Oct. 29, 1969.

———◆———

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Peter J. DeNinno, Globe, for appellant.

HAYS, Justice.

Defendant, Richard Caron, pleaded guilty to a charge of robbery, and was sentenced to incarceration at the state prison for not less than nine nor more than ten years. From that conviction, defendant appeals, solely on the basis that the trial judge abused his discretion by pronouncing a sentence which was excessive and unjustified under the circumstances. Oral argument was waived before this court and the case was submitted on briefs. We find no abuse of the trial court's discretion, and affirm defendant's conviction and sentence.

Under the terms of A.R.S. § 13–643, subsec. A, robbery is punishable "by imprisonment in the state prison for not less than five years." Where, as for robbery, the prescribed punishment is open ended, A.R.S. § 13–1644 authorizes the sentencing judge to sentence a convicted robber "to imprisonment during his natural life, or for any number of years not less than prescribed." Defendant's sentence of nine to ten years was within the permissible limits of our criminal code.

Defendant entered his plea of guilty at his arraignment on February 10, 1969, at which time an additional charge of aggravated assault was dismissed. He was represented by counsel at the time. Sentence was pronounced a week later on February 17, 1969, at which time neither defendant nor his court appointed counsel made any request for a sentencing hearing. The record on appeal reflects that the trial court was furnished with a probation officer's "Pre-Sentence Report." At the time of sentencing, Judge McGhee told the defendant:

"You apparently haven't had a felony conviction before, but on the other hand robbery is one of the things that leads to the possibility of someone getting killed. It is a terrible action, and something I don't look with favor upon. It is the judgment of the Court that you be sentenced to the Arizona State Penitentiary to serve not less than nine, nor more than ten years, sentence to date from December 5, 1968. You are remanded to the custody of the sheriff for execution of sentence." (R.T. 85).

Where a sentence is within the permissible statutory limits, it will not be modified or reduced on appeal unless it clearly appears excessive under the cir-

cumstances. State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969); State v. Bible, 104 Ariz. 346, 452 P.2d 700 (1969); State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966).

Our examination of the record on appeal and the circumstances of this case do not reflect that the trial judge abused his discretion either by pronouncing an excessive sentence or by failing to consider any pertinent mitigating circumstances concerning the defendant. We hold, therefore, that the trial court did not abuse its discretion in sentencing defendant to a prison term of nine to ten years.

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.