462 P.2d 822

**The STATE of Arizona, Appellee,**

v.

**Rudolfo Balderrama BUSTAMANTE, Appellant.**

**No. 2 CA–CR 187.**

Court of Appeals of Arizona.
Division 2.
Dec. 23, 1969.
Rehearing Denied Jan. 15, 1970.
Review Denied Feb. 17, 1970.

**130**

Gary K. Nelson, Atty. Gen., by Carl Waag, Phoenix, for appellee.

Leon Thikoll, Thikoll & Johnston, Tucson, for appellant.

HATHAWAY, Judge.

The appellant and Castillo were charged with first degree burglary and found guilty after trial by jury. Bustamante was sentenced to not less than 12 nor more than 15 years imprisonment while Castillo was sentenced to a term of not less than 1 nor more than 5 years. Castillo's appeal was dismissed on his own motion. Bustamante contends that the trial court erred in admitting evidence allegedly obtained through an illegal search and seizure and also that the sentence was excessive.

During the early morning of September 12, 1968, the apartment of one Paul E. Holmes, located on North Alvernon, Tucson, Arizona, was burglarized. Holmes was awakened and discovered an individual in his apartment. The intruder left and was later observed by Holmes standing with a companion in a lighted area near the parking lot adjacent to the apartment.

Holmes attempted to speak to the two; they fled and he pursued unsuccessfully. He then returned to his apartment and called the police. He described the two suspects as "short and dark, and possibly Mexican."

Prior to the burglary, Sergeant Ryan of the Tucson Police Department had observed a 1956 Green Ford Station Wagon pulling into a parking lot approximately adjacent to Holmes' apartment. Sergeant Ryan had observed two Mexican men in the car as it crossed in front of his headlights prior to entering the parking lot.

When the police responded to the burglary call, a 1956 Green Ford Station Wagon was observed parked in the parking lot next to the victim's apartment. Mr. Holmes was unable to identify the automobile as belonging to any of the apartment tenants and the police therefore staked out the automobile. While thus under surveillance, the vehicle was driven away and subsequently stopped by the police. It was occupied by Bustamante and Castillo.

Both occupants were arrested, advised of their rights and removed from the automobile. Sergeant Ryan then arrived on the scene and directed a search of the automobile while the two were being questioned at the rear of the car. The search of the vehicle turned up several items of jewelry

belonging to Mr. Holmes, and this jewelry was introduced into evidence at the time of trial over the defendant's motion to suppress.

The appellant first contends that his conviction must be reversed because it was based on evidence obtained through an illegal search and seizure.

The appellant believes that the recent decision of the United States Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (June 23, 1969), requires reversal of this case. The court there held that the warrantless search of an entire house could not be constitutionally justified as an incident to the arrest. It was further observed by the court that:

"There is ample justification, * * *, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.

"There is no comparable justification, however, for routinely searching rooms other than that in which an arrest occurs—or, for that matter, for searching through all the desk drawers or other closed or concealed areas in that room itself." At 89 S.Ct. 2040.

The defendant contends that, as in Chimel, the search which occurred here "went far beyond the petitioner's person and the area from within which he might obtain a weapon or something that could have been used as evidence against him." Even conceding this point, we do not believe that we need decide the effect of Chimel on the search because we have concluded that the Chimel doctrine should not be applied retroactively. The fruit of the search remains untainted. The police conduct complained of having already occurred, nothing is to be served by a retrospective application. Recent decisions from California and Maryland, holding the doctrine in Chimel is to be applied only prospectively,[1] fortify our conclusion.

Our inquiry is then directed to whether the search of the automobile met pre-Chimel requirements. Evidence obtained in violation of defendant's constitutional rights is not admissible. State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963). A search and seizure incident to a lawful arrest has been held valid. State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964); State v. Randall, 94 Ariz. 417, 385 P.2d 709 (1963).

In this case the automobile driven by one fitting the description of the appellant was seen parked in a lot next to Holmes' apartment before the burglary. Holmes observed the one who burglarized his apartment near the parking lot with a companion and described these men to the police. The car in the parking lot, while under observation by the police, was driven away by men fitting the description Holmes gave of those who burglarized his apartment. The car was then stopped and shortly after the occupants were arrested and removed from the car, the search was conducted.

Under these facts and circumstances, the information was sufficient to show probable cause and reasonable grounds to believe that the appellant had committed the burglary. State v. Pederson, 102 Ariz.

---

1. People v. Edwards, Cal., 80 Cal.Rptr. 633, 458 P.2d 713 (1969), which contains an excellent discussion of this issue; People v. Castillo, 274 A.C.A. 549, 80 Cal.Rptr. 211 (1969); People v. Foster, 274 A.C.A. 851, 79 Cal.Rptr. 397 (1969); and Scott v. State, Md., 256 A.2d 384 (1969). See also United States v. Lewis, D.C.S.D. of N.Y., 303 F.Supp. 1394 (1969) filed September 3, 1969. Also see Von Cleff v. New Jersey, 395 U.S. 814, 89 S.Ct. 2051, 23 L.Ed.2d 728 (1969); and Jordan v. United States, (9th Cir. 1969) 416 F.2d 338. And in a comparable instance, see Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), holding that the decision of Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, was to be applied only prospectively.

**132**

60, 424 P.2d 810 (1967); Certiorari Denied, 389 U.S. 867, 88 S.Ct. 138, 19 L.Ed.2d 142. An immediate necessity to search without a warrant exists where the object, such as an automobile, might shortly be removed or where there is probable cause to search. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948); Busby v. United States, 296 F.2d 328 (9th Cir. 1961); and State v. Baca, 1 Ariz.App. 16, 398 P.2d 924 (1965). We believe the arrest here was lawful and the resulting search and seizure as an incident of the arrest was lawful.[2]

The appellant next contends that the sentence he received, while within the limitations of the statute, was excessive and abusive.

██ A trial court in imposing a sentence is performing an inherently discretionary function, State v. Rubio, 95 Ariz. 1, 385 P.2d 1017 (1963), and the power to revise and reduce the sentence imposed by the trial court should be used with great caution and exercised only when it is clearly apparent a sentence is too severe. State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286 (1965). When a sentence is within the limitations of the statute, it will not be modified unless it clearly appears that the sentence is excessive and thus the discretion of the trial judge has been abused. State v. Caron, 105 Ariz. 122, 460 P.2d 176 (1969); State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962). In this case the defendant Castillo testified; Bustamante did not. Castillo testified he was so intoxicated that he didn't realize what Bustamante was doing and Bustamante talked him into participating in the burglary. The record before this court does not establish an abuse

of the trial court's discretion in the imposition of the sentences.

We affirm the judgment and sentence.

KRUCKER, C. J., and HOWARD, J., concur.

---

2. Although our opinion does not apply the Chimel doctrine, footnote number 9, Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) states: "9. Our holding today is of course entirely consistent with the recognized principle that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants 'where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543; see Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879."