**STATE of Arizona, Appellee,**
**v.**
**Peter Bryan Michael DESCHAMPS,**
**Appellant.**
**No. 2041.**

Supreme Court of Arizona,
In Banc.
April 16, 1970.

Bernard L. Lesser, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., and Carl Waag, Asst. Atty. Gen., for appellee.

UDALL, Justice:

This is an appeal by Peter Deschamps from his conviction of furnishing or giving away marijuana for which he received a sentence of five years to five years and one day.

Defendant contends that reversible error was committed when the trial court admitted the following testimony from the under-cover agent, which related to defendant's smoking of marijuana, an offense other than the crime charged:

A. "Yes, sir. Defendant DeChamps asked me at that time if I minded if he 'turned on,' or 'smoked up.'"

Defendant argues that this evidence, which indicated that he had smoked or was smoking marijuana, was not admissible on a charge of furnishing marijuana, and was so prejudicial as to require reversal. The rule, urged by defendant, was announced in the case of State v. Gortarez, 96 Ariz. 206, 393 P.2d 670 (1964), but is not applicable to the instant case for the following reasons. First, the state offered the evidence for the substantive purpose of showing that defendant had knowledge of the narcotic nature of the cigarette which he gave to the undercover agent. The agent had asked defendant for some "grass" and therefore the state was obliged to prove that defendant had knowledge that the "grass" he was giving away was indeed marijuana. The admissibility of evidence to show such knowledge is a long recognized exception to the general rule that evidence of offenses other than the crime charged, is inadmissible.

But, we need not decide whether the testimony was properly admitted as an exception to the rule, because if error, it was harmless error. The test is whether there was a reasonable probability under the facts that the verdict might have been different had the error not been committed. State v. Ybarra, 97 Ariz. 200, 398 P.2d 905 (1965). Defendant himself, on the witness stand under direct examination by his own counsel, admitted and described in detail the incident in which he prepared the marijuana cigarette and gave it to the undercover agent. This testimony conclusively corroborated the agent's account of the same incident. The danger to be avoided by excluding evidence of other offenses, is "that the jury may conclude that the defendant is a 'bad man' and convict on lesser evidence than might ordinarily be necessary to support a conviction." State v. Johnson, 94 Ariz. 303, 383 P.2d 862 (1963). Clearly that danger is not present here. It is not often easy to determine accurately what effect the exclusion of evidence may have had on the outcome of a trial. But under the facts of this case we can say quite assuredly that in view of defendant's own testimony, the jury would have convicted him had the evidence in question been excluded.

Defendant also contends the trial court erred in admitting testimony that six other persons besides defendant were arrested over a period of several months in the general vicinity of the place where defendant's crime was committed. The state confesses an inability to find any tendency of the evidence to convince of guilt. By the same token, the fact that other unidentified persons were suspected of similar crimes has no tendency to inflame the minds of the jury against defendant. For the same reasons stated in the preceding paragraph, the admission of the testimony complained of was harmless.

Five minutes before trial, defendant moved for a bill of particulars to determine on which one of two incidents, where marijuana was given to the undercover agent, the state's case was based. Both incidents occurred at the same place on the same day. Because of the untimeliness of the motion, the trial court denied it. Defendant fails to show that any surprise or prejudice resulted from the denial of his motion and we cannot say that the trial court abused its discretion.

Without citing any authority defendant asks this Court to declare unconstitutional A.R.S. § 36–1002.07, which prohibits the sale or furnishing of marijuana, on the grounds that it violates due process and constitutes an unwarranted invasion on the personal liberties of the citizens. The United States Supreme Court considered and decided the question in Robinson v. California, 370 U.S 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), wherein it was stated:

"The broad power of a State to regulate the narcotic drugs traffic within its borders * * * is so manifest in the interest of the public health and welfare, that it is unnecessary to enter upon a discussion of it beyond saying that it is too firmly established to be successfully called in question."

Defendant next questions whether A.R.S. § 36–1002.07 prohibits giving away one marijuana cigarette. The pertinent part of the statute reads:

"A. Every person who * * * sells, furnishes, * * * *or gives away* * * * marijuana shall be punished by imprisonment in the state prison from five years to life * * *." (Emphasis supplied)

The statute, in plain language, prohibits precisely what defendant did.

Defendant asserts that he was deprived of the assistance of effective counsel. Defendant was represented by experienced counsel who conducted an able defense. That he was unable to achieve the miraculous result of an acquittal in the face of overwhelming evidence of guilt is no indication that defendant was not well represented.

■ Defendant urges that the defense of entrapment was established as a matter of law, when it was shown that the state's undercover agent requested defendant to give him a marijuana cigarette. We have long held that the fact that a government agent offers to buy narcotics from a suspect, thus giving him the opportunity to commit the offense, does not constitute entrapment. State v. Rabon, 100 Ariz. 344, 414 P.2d 726 (1966). In fact, the trial court gave defendant the benefit of the doubt by giving the jury an instruction on entrapment, when the facts did not necessarily warrant the giving of such an instruction.

■ Defendant attacks his sentence as being cruel and excessive. We point out that the trial court gave the shortest possible sentence allowed by the statute. Our long established rule is that a sentence which is within the statutory limits, will not be modified unless clearly excessive. State v. Caron, 105 Ariz. 122, 460 P.2d 176 (1969).

■ Defendant asserts three other alleged errors by the trial court. Even though all three assertions are without merit we would normally discuss them. However, there were no objections made at the trial below and we have consistently held that the trial court must be given the opportunity to rule on the issue and correct possible errors, before any assignments of error will be considered on appeal. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967).

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.