469 P.2d 833

**The STATE of Arizona, Appellee,**

v.

**Peter GUMINS, Appellant.**

**No. 2 CA–CR 200.**

Court of Appeals of Arizona,
Division 2.

May 25, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Maxwell R. Palmer, Jr., Tucson, for appellant.

KRUCKER, Judge.

Defendant, Peter Gumins, was informed against for illegal possession of marijuana. A jury found him guilty and judgment was so entered. The trial court then sentenced him to not less than three nor more than four years. Defendant appeals.

Construing the facts in a light most favorable to sustaining the judgment, they are as follows. Defendant was the object of an arrest warrant secured by Tucson police officers which charged him with illegal sale of heroin. The actual arrest took place in defendant's apartment in a hallway between the living room and kitchen. One of the officers then searched the kitchen and found what was subsequently shown to be marijuana. During the period, defendant was heard to say, "I'm the only one here."

On appeal, defendant makes two allegations of error:

(1) The admission into evidence of the marijuana was error because the search revealing it was violative of the Fourth Amendment.

(2) The defendant's statements made prior to the *Miranda* warnings given were unconstitutionally admitted into evidence.

Concerning the illegality of the search in question, both defendant and the State agree it would violate Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), as overbroad in scope, but that since the *Chimel* case has no retroactive application, State v. Bustamante, 11 Ariz. App. 129, 462 P.2d 822 (1969), the case at bar is ruled by the law pre-*Chimel*. Defendant argues *Chimel's* principles should nevertheless be applied. We must disagree.

■ Prior to *Chimel*, and for some time, cases had held that a search incident to a legal arrest generally had only to be proximate in time and in place to be upheld. Thus, in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), the United States Supreme Court upheld the search of defendant's entire four-room apartment when he was arrested on a warrant charging him with mail fraud. The search revealed evidence of Selective Service Act violations and the evidence was held admissible at a later trial on the violations. *Accord,* United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). Under these rules, the search here in question was reasonable.

As to defendant's second contention, we believe the following.

In Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held the "Miranda" warning had to be given before officers began questioning a person taken into custody or otherwise deprived of his freedom of action, in order for evidence of statements made to be admissible at defendant's trial. However, numerous cases

have held that the *Miranda* warnings need not be given before freely given statements are admissible in evidence. State v. Boykin, Minn., 172 N.W.2d 754 (1969). (Officers entered restaurant and asked defendant if he were the owner and he stated he was. *Held,* no warnings required to allow admittance of this statement.) State v. Law, 203 Kan. 89, 452 P.2d 862 (1969). (Defendant's statement made at arrest was admissible despite lack of adequate *Miranda* warnings, as unsolicited investigatory questioning.) State v. Redding, S.C., 166 S.E.2d 219 (1969). (Spontaneous statement that item found on his person was not his, admissible despite lack of *Miranda* warnings as voluntarily given.)

■ We believe there was evidence in the record that the statement made and admitted in evidence was not elicited in custodial questioning. Even defendant admitted his answer when he appeared to testify.

Even assuming *Miranda* applied, we believe there was evidence given at trial by one officer, Detective Sepulveda, that the *Miranda* warnings given defendant in fact occurred prior to defendant's statement in question.

\*   \*   \*   \*   \*   \*

"Q   *Subsequent to your advising him of his right did you see Detective Wolf talk to him?*

A   *Yes,* sir.

Q   And questioning him. That was after you advised him of his rights; is that correct?

A   Yes, sir.

Q   Were you close enough to hear what they were talking about?

A   Yes, sir.

Q   If you can tell us approximately what Detective Wolf said and what did the defendant reply.

A   *In essence Detective Wolf asked him if anybody else lived in the apartment, and Mr. Andros* [defendant aka Gumins] *stated that no-*

*body else lived there."* (Emphasis added)

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.