554 P.2d 902

**The STATE of Arizona, Appellee,**

v.

**Carl Eugene MIXON, Appellant.**

**No. 1 CA–CR 1527.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 22, 1976.

Rehearing Denied Aug. 30, 1976.

Review Denied Sept. 28, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Cleon M. Duke, Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Gary Peter Klahr, Phoenix, for appellant.

## OPINION

OGG, Acting Presiding Judge.

The defendant-appellant Carl Eugene Mixon entered into a plea agreement to plead guilty to the charge of the sale of heroin in violation of ARS § 36–1002.-02(A) in return for the state dismissing another pending criminal case. The state further agreed that all pending narcotics cases worked by the Phoenix Police would not be filed against him. The state was to take no position with the trial court on sentencing.

The trial court sentenced the defendant to a term of not less than five years nor more than six years in the Arizona State Prison. The defendant is not contesting the judgment of guilt, but brings this appeal on the basis that the sentence imposed is excessive, severe, and amounts to an abuse of discretion by the trial court.

Defendant argues that he is young (20 years old), does not have a serious criminal record (4 misdemeanor convictions), and that he had no further criminal charges from the time he committed the instant offense in November, 1974, until his sentencing in September, 1975. The defendant further contends that as a known informer his life would be in danger if he were sent to the Arizona State Prison.

The probation officer, after giving her opinion that the defendant had made a good adjustment since his initial arrest, recommended that the defendant be placed on probation for a period of five years and be given 30 days' incarceration. The presentence report indicates that the police of-

ficer involved in the case believed the defendant was deeply involved in the Phoenix drug scene. He also believed that if the defendant was now in fact clean, the defendant should be given jail time rather than receive a prison sentence.

Defendant agrees that the sentence is within the lawful statutory limits but contends that the sentence is excessive and that we should modify the sentence under the provisions of ARS § 13–1717(B):

> Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted . . .

Arizona is one of a few states which allows appellate review of sentencing and a review of the Arizona cases discloses that on rare occasions our Supreme Court has reduced or modified certain sentences that were considered excessive. *State v. Waldrip*, 111 Ariz. 516, 533 P.2d 1151 (1975); *State v. Goodman*, 110 Ariz. 524, 521 P.2d 611 (1974); *State v. Tuggle*, 101 Ariz. 216, 418 P.2d 372 (1966); *State v. Killian*, 91 Ariz. 140, 370 P.2d 287 (1962).

Although many of the cases have reduced the prison sentences imposed, we cannot find a case in which a prison sentence was ordered reduced to probation for the defendant. In the case of *Nethken v. State*, 56 Ariz. 15, 104 P.2d 159 (1940), the Supreme Court implied that it did have such power, although it refused to do so in that particular case.

█ The appellate courts of this state will not modify an otherwise lawful sentence unless it is clearly shown that the trial court abused its discretion by imposing an excessive sentence. *State v. Caron*, 105 Ariz. 122, 460 P.2d 176 (1969); *State v. Fierro*, 101 Ariz. 118, 416 P.2d 551 (1966); *State v. Guerrero*, 58 Ariz. 421, 120 P.2d 798 (1942).

In the case of *State v. Douglas*, 87 Ariz. 182, 349 P.2d 622 (1960), the Supreme Court characterized abuse of discretion in sentencing as capriciousness, or as the failure to conduct an investigation sufficient for the proper exercise of the sentencing decision.

█ In applying the legal principles set out herein to the facts of this case we cannot say the trial judge abused his discretion in the sentence imposed. The trial judge had two alternatives available in the sentencing of the defendant. The judge could suspend the imposition of sentence and place the defendant on probation (ARS § 13–1657), or he could sentence the defendant under the provisions of ARS § 36–1002.02(A). The statutory sentence for the sale of heroin carries a mandatory minimum of five years and a maximum sentence of life imprisonment. The judge sentenced the defendant to a minimum term of five years up to a maximum term of six years which was at the low range of sentencing for this crime. We believe the record reflects that the trial judge had sufficient information before him to make an intelligent and non-capricious judgment pursuant to the requirements of *State v. Douglas*, supra.

From our review of the record, including the presentence report, we cannot find the judge abused his discretion.

The defendant, in his reply brief, raises a novel question when he asserts that we should strike the state's answering brief and ignore the state's arguments as presented. The defendant reasons that after the state entered into the plea bargain agreement, wherein it agreed to take no position on sentencing, the state cannot now oppose the appeal of the defendant which questions only the sentence imposed upon the defendant. Defendant alleges that when the state appears in this appeal to defend the sentence imposed, such appearance amounts to a breach of the plea bargain agreement. Defendant cites us authority which holds that the state is bound by the plea bargain agreement. *State v.*

*Stone,* 111 Ariz. 62, 523 P.2d 493 (1974); *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). We are in agreement with these cases.

However, there is no allegation nor can we find any evidence that the state failed to comply with the plea bargain agreement in the trial court proceedings.

 We do not believe that a plea agreement, wherein the state agrees not to take a position with the trial court relative to sentencing, will later prohibit the state from participation in an appeal where such sentencing is the issue involved. The defendant is unable to cite any pertinent cases supporting his position and we are unable to find any in point.

If we were to adopt defendant's position, the appellate court would be reduced to hearing unilateral appeals in such cases and would not .have the benefit of any briefs or argument by the state on any sentencing issues raised by the defendant.

The sentence of the trial court is affirmed.

NELSON and WREN, JJ., concurring.