[No. 21335-1-I.   Division One.   August 8, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK S. ARKO, *Appellant.*

*Helen A. Anderson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally F. Stanfield, Deputy,* for respondent.

PER CURIAM.—Frank S. Arko appeals the sentence entered after his plea of guilty to second degree possession of stolen property. He has filed a motion for accelerated review pursuant to RAP 18.15. The Commissioner referred the motion to a panel of judges to consider whether the State has a right to file a brief in support of an exceptional sentence when it agreed in a plea bargain to recommend a sentence within the standard range.

Arko pleaded guilty to one count of second degree possession of stolen property. The standard range for this offense, given Arko's offender score of 2, was 2 to 5 months. The State recommended 3 months and, after Arko twice failed to appear at sentencing, increased that recommendation to 4 months. The trial court, however, imposed an exceptional sentence of 24 months.

Arko sought accelerated review of this sentence, contending that the reasons supplied by the trial court were insufficient to support the exceptional sentence. The State filed a brief in support of the court's imposition of an exceptional sentence, although it had agreed in the plea bargain to recommend a sentence within the standard range. In doing so, the State, in a letter to the Commissioner, stated it did "not in any way intend to undercut or repudiate its obligations pursuant to the plea agreement."

Arko has moved to strike the State's brief, contending it violates the plea agreement.

## STATE'S RIGHT TO FILE BRIEF

First, we must consider whether the State may be permitted to act as an advocate for the exceptional sentence when it agreed to recommend a sentence within the standard range in the plea bargain. Neither party has cited any authority directly supporting its position.

Plea bargains are favored in the law because they allow more efficient use of the criminal justice system, because of their ability to protect the public from those who would continue criminal conduct while in pretrial release, and because they enhance the rehabilitative prospects of those who plead guilty. *Santobello v. New York,* 404 U.S. 257, 260, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *State v. Tourtellotte,* 88 Wn.2d 579, 582–83, 564 P.2d 799 (1977). The prosecutor is obliged to give full and wholehearted compliance with the plea bargain, *State v. Hall,* 104 Wn.2d 486, 490, 706 P.2d 1074 (1985); *In re Palodichuk,* 22 Wn. App. 107, 110, 589 P.2d 269 (1978), although he need not elaborate on the recommendation unless the defendant so requests, *State v. James,* 35 Wn. App. 351, 356–57, 666 P.2d 943 (1983); the recommendation must be made with "some degree of advocacy." *State v. Peterson,* 97 Wn.2d 864, 866, 651 P.2d 211 (1982). The State's duty under the plea bargain extends to resentencing, at which it must make the same recommendation before the new sentencing judge. *James,* at 355.

■ Our independent research on this issue has disclosed only one case directly on point. In *State v. Mixon,* 27 Ariz. App. 306, 554 P.2d 902 (1976), the defendant appealed his sentence and the State, which agreed to take no position at sentencing, filed a brief in response to the appeal. The court held:

The defendant, in his reply brief, raises a novel question when he asserts that we should strike the state's

answering brief and ignore the state's arguments as presented. The defendant reasons that after the state entered into the plea bargain agreement, wherein it agreed to take no position on sentencing, the state cannot now oppose the appeal of the defendant which questions only the sentence imposed upon the defendant. Defendant alleges that when the state appears in this appeal to defend the sentence imposed, such appearance amounts to a breach of the plea bargain agreement. Defendant cites us authority which holds that the state is bound by the plea bargain agreement. We are in agreement with these cases.

However, there is no allegation nor can we find any evidence that the state failed to comply with the plea bargain agreement in the trial court proceedings.

We do not believe that a plea agreement, wherein the state agrees not to take a position with the trial court relative to sentencing, will later prohibit the state from participation in an appeal where such sentencing is the issue involved. The defendant is unable to cite any pertinent cases supporting his position and we are unable to find any in point.

If we were to adopt defendant's position, the appellate court would be reduced to hearing unilateral appeals in such cases and would not have the benefit of any briefs or argument by the state on any sentencing issues raised by the defendant.

(Citations omitted.) *Mixon,* at 307–08.[1] Similarly, here, the State fulfilled its obligation under the plea bargain when it advocated a sentence within the standard range. Once it

---

[1]In *United States v. Clark,* 781 F.2d 730 (9th Cir. 1986), the court held that the government could make a postsentencing recommendation to the parole board which is different from that agreed to in a plea bargain. The plea agreement was silent as to the government's obligation after sentencing. The court held the government's recommendation did not violate the agreement both because the government abided by the promises it did make and because the law does not require a defendant to be informed of the collateral consequences of a plea, such as a recommendation to a parole board. *See also United States ex rel. Robinson v. Israel,* 603 F.2d 635 (7th Cir. 1979) (en banc), *cert. denied sub nom. Robinson v. Wolff,* 444 U.S. 1019, 62 L. Ed. 2d 650, 100 S. Ct. 675 (1980). Although *Clark* is not direct authority to support the State's right to file a brief in support of the exceptional sentence, as the appeal is a direct consequence of the sentence, it does provide some support for that position.

did so, it had met the terms of its agreement and was not obliged to do more. After sentencing the State's obligation is to become an advocate for the court's position and thus to argue in favor of the sentence imposed to the extent that such arguments are supportable. This court then has the benefit of full briefing on the issue which is necessary to provide effective review.

The State's participation in the appellate process may also be permitted by reliance on contract principles. Once a plea bargain has been entered into, the defendant has a right analogous to a contract right to have the terms of the agreement fulfilled. *Santobello,* at 262; *Hall,* at 490. Here, Arko asks the court to imply an additional term to that bargain which was not expressed in the bargain itself, *i.e.,* that the State would continue to make its recommendation on appeal.

In order for the court to imply a covenant in a contract, the following requirements must be satisfied:

> (1) the implication must arise from the language used or it must be indispensible to effectuate the intention of the parties; (2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to it; (5) there can be no implied covenant where the subject is completely covered by the contract.

*Fuller Mkt. Basket, Inc. v. Gillingham & Jones, Inc.,* [14 Wn. App. 128, 134, 539 P.2d 868 (1975)], quoting from *Cousins Inv. Co. v. Hastings Clothing Co.,* 45 Cal. App. 2d 141, 149, 113 P.2d 878 (1941).

*Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 371, 617 P.2d 704 (1980). Applying these criteria to the instant plea bargain, we do not find the term suggested by Arko implied. The State's adherence to its recommendation on appeal is not indispensable to effectuate the intent of the parties, since the appellate court itself does not set sentences.

Review of an exceptional sentence is limited to whether the reasons supplied by the trial court are clearly erroneous, *State v. Nordby,* 106 Wn.2d 514, 723 P.2d 1117 (1986), and whether the sentence itself is clearly excessive. *State v. Oxborrow,* 106 Wn.2d 525, 723 P.2d 1123 (1986). If the appellate court reverses the sentence, it then remands for resentencing. *See State v. Fisher,* 108 Wn.2d 419, 429, 430 n.7, 739 P.2d 683 (1987). At resentencing, the State is again bound by its promise to recommend a sentence within the standard range. *State v. James, supra.*

We decline to add to the plea bargain a term, not agreed to by the parties, which would require the State to stand silent on appeal on the issues raised by the court's exceptional sentence. We therefore deny Arko's motion to strike the State's brief and consider it in reaching a decision on the merits.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.