IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 73491-1-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MARVELL MICHAEL MILLER | ) | |
| Appellant. | ) | FILED: August 1, 2016 |

DWYER, J. — Marvell Miller pled guilty to two counts of residential burglary and two counts of unlawful possession of a firearm. At his sentencing hearing, Miller was ordered to register as a felony firearm offender. Miller now appeals, arguing that the felony firearm offender registration statute is unconstitutionally vague, that the prosecutor violated the plea agreement, and that the sentencing court abused its discretion in requiring that he register as a felony firearm offender. Finding that Miller's contentions have no merit, we affirm.

I

On April 13, 2015, Miller pled guilty to two counts of residential burglary and two counts of unlawful possession of a firearm. Miller twice committed residential burglary by stealing from two residences. Miller twice committed unlawful possession of a firearm by possessing a handgun on his person and five additional firearms in his car, contravening an order that barred him from

possessing a firearm. Miller admitted that he carried the loaded handgun on his person during the burglaries in case he encountered any residents. The firearms in Miller's car included three assault rifles, a shotgun, and another handgun. All of the firearms were later identified as stolen.

As part of his plea agreement, Miller stipulated to the facts as set forth in the determination of probable cause and the prosecuting attorney case summary. The State agreed not to file other charges arising out of the two burglaries. The plea agreement further indicated that the sentencing court "may" require that Miller register as a felony firearm offender pursuant to RCW 9.41.330.

At Miller's sentencing hearing, the prosecutor informed the court that it was required to determine whether to order Miller to register as a felony firearm offender pursuant to RCW 9.41.330 and further informed the court as to the pertinent statutory factors and the locations in the record of information pertinent to those factors.

At the conclusion of the sentencing hearing, the court ordered Miller to register as a felony firearm offender. This order was included in the judgment and sentence.

Miller now appeals.

II

Miller contends that RCW 9.41.330 is unconstitutionally vague and that the order imposing the registration requirement should be vacated. We disagree.

Thirteen years ago, our Supreme Court held that "the due process considerations that underlie the void-for-vagueness doctrine have no application

in the context of sentencing guidelines." State v. Baldwin, 150 Wn.2d 448, 459, 78 P.3d 1005 (2003). Because "nothing in these [sentencing] guideline statutes requires a certain outcome, the statutes create no constitutionally protectable liberty interest." Baldwin, 150 Wn.2d at 461. As with the sentencing guideline statutes at issue in Baldwin, the statute herein grants a court discretion in determining whether to impose the registration requirement on felony firearm offenders. See RCW 9.41.330. Our Supreme Court has never indicated a need to revisit its holding in Baldwin. The Baldwin decision controls our analysis. The sentencing statute at issue is not subject to a facial void for vagueness challenge. Miller's claim fails.

III

Miller next contends that the State violated the plea agreement by its actions at the sentencing hearing. We disagree.

To determine whether the State breached a plea agreement, a reviewing court applies an objective standard. State v. Jerde, 93 Wn. App. 774, 780, 970 P.2d 781 (1999). The test is whether the prosecutor contradicts, by words or conduct, the terms of the plea agreement. Jerde, 93 Wn. App. at 780. Once a plea bargain has been entered into, the defendant has a right analogous to a contract right to have the terms of the agreement fulfilled. State v. Arko, 52 Wn. App. 130, 134, 758 P.2d 522 (1988). We will not add terms to the plea bargain that were not agreed to by the parties. Arko, 52 Wn. App. at 135.

The plea agreement herein read, in pertinent part, as follows:

This offense[,] counts II & IV[,] is a felony firearm offense as defined by RCW 9.41.010, including any felony committed while armed with

-3-

a firearm, and the judge may impose a requirement that I register with the sheriff in the County where I reside, for a period of four years from sentencing or from my release from confinement for this offense, whichever is later, in compliance with RCW 9.41.333.

At the sentencing hearing, the prosecutor informed the court as follows:

[Prosecutor]: [B]ecause this is a firearm offense as appropriately defined, the court must consider whether to impose a firearm registration requirement under RCW 9.41.330. This is a fairly new statute so I can forward a copy for Your Honor.

[Court]: Thank you.

[Prosecutor]: The factors for the court to consider in determining the actual—the firearm offender registration is not a part of the plea agreement in this case but it is a required—required by the legislature that the court consider whether or not to impose it.
I would suggest for the court to look at the defendant's criminal history as is required under (2)(a) and look at evidence of the defendant's propensity for violence (inaudible) endanger persons under 2(c). With respect to that factor, I would ask the court to note in the certification that the defendant acknowledged that he carried the pistol that was found on his body with him during the burglaries to protect himself from possible harms that he may encounter.[1]

Miller first asserts that the State violated the plea agreement by informing

the court that it must consider RCW 9.41.330, explaining the factors to consider,

---

[1] RCW 9.41.330 reads as follows:

(1) On or after July 28, 2013, whenever a defendant in this state is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense, the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement.
(2) In determining whether to require the person to register, the court shall consider all relevant factors including, but not limited to:
(a) The person's criminal history;
(b) Whether the person has previously been found not guilty by reason of insanity of any offense in this state or elsewhere; and
(c) Evidence of the person's propensity for violence that would likely endanger persons.

and directing the court to the locations in the record that would inform the court's analysis.

"The prosecutor, as an officer of the court, is obliged to participate in the sentencing proceedings, candidly answer[] the court's questions . . . and hold[] back no relevant information." State v. Sledge, 133 Wn.2d 828, 840, 947 P.2d 1199 (1997) (citing RCW 9.94A.460). This information necessarily includes relevant statutes, factors, and locations in the record that would assist the court in its task. Thus, the State could not agree in the first instance to withhold mention of RCW 9.41.330 from the court.

Further, Miller's contention effectively asks us to add language to the plea bargain indicating that the State would remain neutral on the issue of registration. The plea agreement herein mentioned only the possibility that the court "may" require that Miller register as a felony firearm offender. Thus, the plea agreement was silent as to whether the State would advocate that the court should order Miller to register. We will not add terms to the plea bargain reached by the parties. See Arko, 52 Wn. App. at 134 (rejecting defendant's request for "the court to imply an additional term to that bargain which was not expressed in the bargain itself").[2]

---

[2] Miller also cites to Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), State v. Williams, 103 Wn. App. 231, 11 P.3d 878 (2000), and Jerde, 93 Wn. App. 774, as supporting his contention that the State undercut the plea agreement. These citations are inapposite. Unlike here, each of the cases cited by Miller involved plea agreements with express terms that the prosecutor later undercut, either inadvertently or on its own initiative. Santobello, 404 U.S. at 262; Williams, 103 Wn. App. at 239; Jerde, 93 Wn. App. at 782. As discussed above, this plea agreement was silent on the issue of whether the State would take a position on the issue of registration. Nor, for that matter, is there any evidence in the record that the State advocated that a registration requirement should be imposed.

RCW 9.41.330(1) mandates that the court make a determination as to whether to impose the felony firearm offender registration requirement. Thus, the State, honoring its duty of candor to the court, did not act improperly by bringing the registration statute, the relevant factors, and the record to the court's attention. See State v. Talley, 134 Wn.2d 176, 949 P.2d 358 (1998); State v. Sledge, 133 Wn.2d 828, 947 P.2d 1199 (1997); State v. Van Buren, 112 Wn. App. 585, 49 P.3d 966 (2002).

The State's actions in informing the court of the registration statute, the relevant factors, and the pertinent locations in the record where information could be found were proper and did not constitute a breach of the plea agreement.

IV

Miller next contends that the sentencing court abused its discretion in imposing the registration requirement by failing to articulate a consideration of each enumerated factor. We disagree.

We review discretionary decisions for abuse of discretion. State v. Miller, 159 Wn. App. 911, 918, 247 P.3d 457 (2011). A sentencing court abuses its discretion only where the sentencing court's decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Miller, 159 Wn. App. at 918 (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). "A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (internal quotation marks omitted).

Under RCW 9.41.330, the court "must consider whether to impose" the registration requirement and, in doing so, the court "shall consider all relevant factors including, but not limited to" three suggested factors. RCW 9.41.330(1), (2). By including the "including, but not limited to" language in the statutory provision, the legislature afforded courts latitude in their registration determinations. RCW 9.41.330(1); see State ex rel. Graham v. Northshore Sch. Dist. No. 417, 99 Wn.2d 232, 238, 662 P.2d 38 (1983) ("The Legislature specifically used the terms 'including, but not limited to' . . . and thus did not limit the discretion afforded [to the decision maker]."). RCW 9.41.330 does not dictate that a sentencing court must explicitly articulate its consideration of each factor when determining whether to impose the registration requirement.

Herein, the sentencing court considered relevant factors in reaching its determination. The court's judgment and sentence reads as follows:

> This offense is a felony firearm offense (defined in RCW 9.41.010). Having considered relevant factors, including criminal history, propensity for violence endangering persons, and any prior NGI findings, the Court requires that the defendant register as a firearm offender.

Moreover, at the sentencing hearing, the court specifically articulated its consideration of two of the suggested factors, detailing its concern over Miller's criminal history[3] and noting that there was no suggestion that Miller had been found guilty by reason of insanity.

---

[3] At the time of his plea, Miller had been convicted of four juvenile court offenses, second degree burglary in 2009, and third degree assault, criminal trespass, and harassment in 2011.

The court also expressed its concern over the number and type of firearms possessed by Miller and the manner in which he possessed them, stating:

> I am concerned just with the presence and number of weapons which were recovered. Not only the one on your person and according to the search there was a loaded magazine and the weapon, no rounds in the chamber but still a loaded handgun and then three rifles, a pistol, a shotgun and a Sig Sauer. I'm concerned about those.[4]

The number of guns that were illegally possessed by the defendant is plainly a relevant consideration. Moreover, the court's reference to Miller's possession of a loaded firearm while committing his burglaries, to guard against the happenstance of encountering a resident, was, indeed, a comment on Miller's propensity for violence. Miller would have had no need to possess a *loaded* gun unless he was open to firing it at such a resident.

The sentencing court properly considered relevant factors in making its determination. It did not abuse its discretion in requiring Miller to register as a felony firearm offender.

## V

In his appellate briefing, Miller requests that no costs associated with his appeal be assessed against him. The State did not respond to this request. We exercise our discretion and do not impose appellate costs. RAP 14.2; State v.

---

[4] Miller cites State v. Rupe, 101 Wn.2d 664, 683 P.2d 571 (1984), for the proposition that the number of firearms in his possession should not be part of the court's consideration in determining his propensity for violence. However, Rupe's guns were lawfully possessed. Rupe, 101 Wn.2d at 706-07. Miller committed crimes by possessing his numerous firearms.

Sinclair, 192 Wn. App. 380, 388, 367 P.3d 612 (2016), review denied, No. 92796-1 (Wash. June 29, 2016).

Affirmed.

We concur: