**FILED**
**AUGUST 1, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34577-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| LONNIE DEAN GLEIM, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A prosecutor's duty to abide by the terms of a plea agreement applies both at an original sentencing hearing as well as at resentencing after remand. What is unclear under our case law is the scope of a prosecutor's duty when a remand

order permits the trial court to choose between full resentencing and a more limited

remedy. In such circumstances, must a prosecutor advocate for full resentencing if doing

so is the only way the trial court might issue a judgment consistent with the terms of the

plea agreement?

Our answer is no. Until the trial court makes clear that it has opted for full

resentencing, a prosecutor's duties are akin to those on an appeal. The prosecutor may

advocate for finality and oppose full resentencing, even if it means the sentence sustained

against the defendant differs from the disposition recommended in the parties' plea

agreement.

Applying this principle to the present case, we reject Lonnie Dean Gleim Jr.'s

claim that the prosecutor violated the terms of Mr. Gleim's plea agreement on remand by

not advocating for full resentencing. We also disagree with Mr. Gleim's other

assignment of error pertaining to the imposition of legal financial obligations (LFOs).

The matter is therefore affirmed.

## BACKGROUND

Mr. Gleim pleaded guilty to four counts of first degree possession of depictions of

a minor engaged in sexually explicit conduct. Pursuant to a plea agreement, the parties

2

agreed to a joint recommendation of 36 months' confinement. This recommendation was substantially lower than the standard range of 77 to 102 months.

At the original sentencing hearing in 2015, the State and Mr. Gleim both requested an exceptional sentence downward of 36 months' confinement followed by 36 months' community custody. It is undisputed that the prosecutor abided by his duties under the plea agreement at this hearing. However, the trial court opted for a high-end sentence of 102 months on each count, all to run concurrently, plus 36 months of community custody. The court also imposed a series of discretionary and mandatory LFOs. Pertinent to this appeal, the court imposed $200 in unspecified "Court costs." Clerk's Papers (CP) at 28.

Mr. Gleim appealed. During his first appeal, Mr. Gleim successfully argued the total sentence imposed by the court exceeded the statutory maximum and discretionary LFOs were imposed without an adequate inquiry into ability to pay. *State v. Gleim*, No. 33209-8-III, slip op. at 1-2 (Wash. Ct. App. May 3, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/332098.unp.pdf. We remanded Mr. Gleim's case "to the trial court to either amend the community custody term or to resentence Mr. Gleim consistent with [RCW 9.94A.701(9)]" and to conduct a proper LFO inquiry. *Id.* at 6-7, 11.

Mr. Gleim's case returned to the trial court for proceedings before the original

sentencing judge. On remand, the prosecutor initially informed the court the general

purpose of the hearing was to amend Mr. Gleim's term of community custody and to

conduct an individualized inquiry into LFOs. The defense objected, claiming the purpose

was to conduct a full resentencing. After a continuance, the prosecutor revised his

statement, explaining the purpose was either to amend the previous judgment or to issue a

new judgment and sentence "that goes through everything." 1 Verbatim Report of

Proceedings (VRP) (June 27, 2016) at 4. Defense counsel then continued to argue for a

full resentencing and advocated at length for the joint recommendation contained in the

plea agreement. At the close of defense counsel's comments, the court asked if the

prosecutor had anything to add. He stated he did not.

Immediately after the prosecutor declined further comment, defense counsel made

an oral motion to withdraw Mr. Gleim's guilty plea. The defense claimed the State had

violated its plea agreement obligation to recommend a 36-month term of incarceration.

The prosecutor responded the State had never changed its recommendation and the State

reiterated the same recommendation. The court noted it had the parties' recommendation.

The motion to withdraw the plea was then denied. After the court's oral ruling, defense

counsel complained the prosecutor never articulated any reasons in support of its 36-month recommendation. The court stood by its ruling.

After disposing of Mr. Gleim's motion to withdraw his plea, the court resentenced Mr. Gleim to 102 months concurrent on all four counts and 18 months community custody. This was the first time during the proceedings that the court clarified it would be resentencing Mr. Gleim, as opposed to merely amending the term of community custody. As part of the resentencing, the court also imposed $800 in LFOs, noting it was "taking off those that are voluntary fines." 1 VRP (June 27, 2016) at 12. The $800 imposed by the court includes a $500 victim assessment fee, a $100 DNA (deoxyribonucleic acid) collection fee, and a $200 clerk's filing fee.

Mr. Gleim appeals the sentence imposed on remand, arguing the State breached the plea agreement and the court failed to recognize and strike a discretionary LFO.

## ANALYSIS

*Breach of plea agreement*

Mr. Gleim argues the trial court abused its discretion[1] by denying the motion to withdraw his guilty plea based on breach of the plea agreement. Because there was no

---

[1] We review a trial court's denial of a motion to withdraw a plea for abuse of discretion. *State v. Jamison*, 105 Wn. App. 572, 589-90, 20 P.3d 1010 (2001).

breach, we disagree.

Both the law of contracts and due process require prosecutors to abide by the terms of their plea agreements in good faith. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188-89, 94 P.3d 952 (2004). This duty applies both at an original sentencing hearing and at resentencing. *State v. Arko*, 52 Wn. App. 130, 132, 758 P.2d 522 (1988). Thus, if a plea agreement obliges the prosecutor to make a certain recommendation at sentencing, the same recommendation generally must be made if the case is remanded for resentencing after appeal. *Id.* at 135. However, during the period between initial sentencing and resentencing, a prosecutor's obligations are different. If a trial court imposes a sentence different from what was contemplated by a plea agreement, the prosecutor may defend the sentence on appeal and argue against resentencing. *Id.* at 134.

The circumstances confronted by the prosecutor during Mr. Gleim's remand proceedings were similar to those faced on appeal. Our prior opinion did not definitively order resentencing. Instead, we permitted the trial court to choose between amending the term of community custody and resentencing. Prior to the trial court's selection of remedy, the prosecutor was free to argue against resentencing, just as had been true on appeal. Because the trial court waited until the conclusion of the proceedings to determine whether it would be resentencing Mr. Gleim in full or merely amending the

term of community custody, the State's obligation to advance the terms of the plea

agreement never ripened.

Significantly, the prosecutor never said anything during the proceedings to

undermine the reasoning behind his initial sentencing recommendation of 36 months.

There was no statement of regret or suggestion that the court's initial sentence of 102

months was substantively appropriate. Had the prosecutor made such statements or

representations, the plea agreement may well have been undermined once the court opted

for resentencing. But because the prosecutor merely presented the trial court with its

remand options in a fairly neutral manner, the persuasive value of the plea agreement was

never undermined. The prosecutor's comments left no doubt that if the court opted to

conduct full resentencing, his recommendation would still be 36 months. We discern no

breach of the prosecutor's obligations.[2]

Mr. Gleim complains the prosecutor misrepresented the terms of this court's

remand order by indicating the only issue before the court was modification of the

community custody term. While a misrepresentation to the court would be improper, it

would not violate the terms of the plea agreement. In any event, viewing the record as a

---

[2] Because the prosecutor submitted proposed forms to the trial court prior to the court's selection of remedy, such paperwork did not undermine the prosecutor's obligations under the plea agreement.

7

whole, there was no misrepresentation. During the second hearing on remand, the prosecutor clearly articulated the two options before the court, as set forth above. The fact that the prosecutor did not dwell on the option of resentencing did not constitute a breach. To the contrary, because the prosecutor was entitled to argue in favor of finality and against resentencing, the prosecutor acted within his discretion to emphasize the court's option to amend Mr. Gleim's term of community custody in lieu of resentencing.

*LFOs*

Mr. Gleim argues the court failed to recognize a discretionary LFO, the $200 "Clerk's Filing Fee." CP at 59. Because the trial court stated it intended to waive all discretionary fees, Mr. Gleim claims this fee should have been stricken. We disagree.

At Mr. Gleim's initial sentencing hearing, the trial court imposed $200 in "Court costs." CP at 28. In our prior opinion, we noted the judgment did not specify whether this $200 assessment was discretionary or whether it constituted a mandatory criminal filing fee under RCW 36.18.020(2)(h). *Gleim*, slip op. at 11 n.4. In an apparent response to this portion of our opinion, the judgment on remand identified the $200 assessment as a "Clerk's Filing Fee." CP at 59. Although the amended judgment did not state as much, clerk's fees are authorized under RCW 36.18.020. The only clerk's fee that may be imposed in a criminal case is a mandatory fee under RCW 36.18.020(2)(h). Given this

8

No. 34577-7-III
*State v. Gleim*

context, the judgment makes sufficiently clear the court's intent to impose a nondiscretionary fee. There was, therefore, nothing overlooked that requires further action.

## CONCLUSION

The sentence imposed on Mr. Gleim is affirmed in full. Mr. Gleim's request to deny costs is granted.

_____
Pennell, J.

WE CONCUR:

_____   _____
Lawrence-Berrey, A.C.J.          Korsmo, J.

9