**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55536-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| NATHALY ANDREA LEON PEREIRA, | |
| Appellant. | |

WORSWICK, J. — Nathaly Leon Pereira appeals her standard range sentence, arguing that the trial court was required to accept the parties' recommended sentence, and that she is entitled to specific performance. We hold that Pereira's sentence is not appealable, and thus affirm.

FACTS

Pereira walked in on her ex-husband and another woman in bed on February 14, 2020. Enraged, Pereira physically attacked her ex-husband and the woman by brandishing a knife and threatening to kill both parties before she sprayed them with bear mace. Pereira left the apartment, then damaged the woman's car by slashing the tires, breaking the front windshield, and spray-painting it with the words "slut," "whore," and "hoe."

Pereira was initially charged with two counts of first-degree burglary, two counts of second-degree assault, and one count of second-degree malicious mischief. Later, the State added a charge of tampering with a witness following Pereira's jail phone call to her ex-husband

asking him to contact the police and change his version of the story.  The State then filed a second amendment based on plea negotiations and mitigating evidence,[1] amending the charges to two counts third-degree assault, and one count each of second-degree malicious mischief, and tampering with a witness.

The standard range for the crimes charged was: 12+ to 16 months for third-degree assault, 3 to 8 months for second-degree malicious mischief, and 17 to 22 months for tampering with a witness.  However, the parties agreed to recommend an exceptional sentence downward to include six months of electronic home monitoring and 12 months of community custody.  Pereira's plea agreement included the following paragraph:

> **(h)  The judge does not have to follow anyone's recommendation as to sentence**. The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so.
>
> . . . .
>
> If the court imposes a standard range sentence, then no one may appeal the sentence.

Clerk's Papers at 29.  Pereira indicated she read and understood the statement, and her attorney read the statement with her, "each and every paragraph."  Report of Proceedings (RP) at 8.

Before accepting Pereira's plea, the trial court engaged in colloquy, listed the standard range sentences for each of the crimes charged, and asked Pereira: "Do you understand that the Court's not bound by that recommendation and that the Court could sentence you up to 16 months in prison on Counts 3 and 4, eight months on Count 5, and 22 months on Count 6?"

---

[1] For example, Pereira had a key and did not enter into the apartment illegally.

Pereira indicated that she understood. Pereira then pleaded guilty, and the trial court accepted her plea.

The trial court did not follow the parties' recommendation for an exceptional downward sentence; instead, it sentenced Pereira to the low end of the standard range on all counts to run concurrently. During sentencing, the court expressed an understanding of Pereira's emotions upon walking into the house and seeing her ex-husband with someone else, but noted that this incident occurred in the evening and involved assaults, vehicle damage, and efforts to get her husband to change his story. The court found Pereira's behavior "completely unacceptable." RP at 26. The court then noted Pereira's criminal history, focusing on several assaults and describing her as someone with "a short fuse." RP at 26. The trial court stated that it had respect for the attorneys in this matter, but that "it's the Court's discretion and decision as to what is the appropriate sentence in this matter." RP at 26. The court stated, "I don't believe that there's a basis for an exceptional sentence in this matter. There certainly is no basis to do electronic home monitoring." RP at 27.

Pereira now appeals her standard range sentence.

ANALYSIS

I. PEREIRA'S STANDARD RANGE SENTENCE IS NOT APPEALABLE

As an initial matter, the State argues that Pereira's standard range sentence is not appealable. We agree.

A sentence within the standard range is generally not reviewable. RCW 9.94A.585(1); *State v. Delbosque*, 195 Wn.2d 106, 126, 456 P.3d 806 (2020). However, our Supreme Court has interpreted this prohibition as precluding appellate review "of challenges to the amount of

time imposed when the time is within the standard range." *State v. Ammons*, 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796 (1986). Thus, appellant is not prevented from challenging the *procedure* used by the trial court to impose a standard range sentence. *State v. Sanchez*, 146 Wn.2d 339, 346, 46 P.3d 774 (2002). Thus, we can review "a court's decision to impose a standard range sentence in 'circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range.'" *State v. McGill*, 112 Wn. App. 95, 99-100, 47 P.3d 173 (2002) (quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)). A trial court may impose an exceptional sentence only if it finds substantial and compelling reasons to do so. RCW 9.94A.535. "When a court has considered the facts and concluded there is no legal or factual basis for an exceptional sentence, it has exercised its discretion, and the defendant cannot appeal that ruling." *McGill*, 112 Wn. App. at 100.

Here, Pereira argues that the trial court erred "in refusing to accept the stipulated sentencing agreement as justification for an exceptional sentence downward." Br. of Appellant at 6. This presupposes that, if the trial court had accepted the plea agreement, it would have been obligated to impose an exceptional sentence. But, as discussed above, a trial court is not bound by the parties' agreement and is free to exercise its discretion in sentencing defendants.

The record shows that the trial court considered the plea agreement and exercised its discretion when it sentenced Pereira to the low end of the standard sentencing range. It considered all the facts and legal basis presented by the parties, but ultimately, it found no basis for an exceptional sentence; instead, the trial court found Pereira's behavior "completely unacceptable." RP at 26. The trial court emphasized Pereira's past of assaultive behavior and

the gravity of her actions. It also noted that even though it considered the parties'

recommendation, the court has sole discretion to decide which sentence is appropriate. The

record does not show that the trial court abused its discretion by believing it did not have

authority to impose an exceptional sentence. To the contrary, the trial court made a clear record

of considering and rejecting the sentencing recommendation.

Therefore, Pereira cannot appeal her standard range sentence.[2]

## II. THE STATE'S RESPONSIVE BRIEF DID NOT VIOLATE THE PLEA AGREEMENT

In her reply brief, Pereira argues that she is entitled to specific performance of the plea

agreement because the State violated the plea agreement by advocating for a standard range

sentence rather than the agreed exceptional sentence downward. We disagree.

"A prosecutor is obliged to fulfill the State's duty under the plea agreement by making

the promised sentencing recommendation." *State v. Sledge*, 133 Wn.2d 828, 840, 947 P.2d 1199

(1997). This duty includes an obligation "to participate in the sentencing proceedings, candidly

answering the court's questions in accordance with RPC 3.3, and holding back no relevant

information regarding the plea agreement." *Sledge*, 133 Wn.2d at 840. The State fulfills this

obligation when it advocates a sentence in accordance with the agreement and is permitted to act

as an advocate for the sentence the trial court imposed. *State v. Arko*, 52 Wn. App. 130, 133, 758

P.2d 522 (1988). Once it does so, the State meets the terms of its agreement and is not obliged to

---

[2] In her reply brief, Pereira argues that her sentence is appealable because the trial court failed to exercise its discretion in imposing an exceptional sentence based on a "misconception that it did not have authority to so act." Reply Br. of Appellant at 9. However, Pereira does not point to any facts showing that the trial court believed it did not have authority to impose an exceptional sentence. In fact, the trial court acknowledged the parties' recommendation, and it noted that sentencing was solely within the trial court's discretion. Pereira's argument is unsupported.

do more. *Arko*, 52 Wn. App. at 133. After sentencing, the State's obligation is to become an advocate for the court's position and to argue in favor of the sentence imposed to the extent that such arguments are supportable. *Arko*, 52 Wn. App. at 134.

Here, the State did not violate the plea agreement by advocating for the court's position on appeal. The State's obligation was to advocate for the sentence agreed upon as part of the plea deal at the trial level, and the State here did so. The plea agreement outlined that the prosecuting attorney would recommend an exceptional sentence of six months electronic home monitoring and 12 months community custody. At trial, the State advocated for that same sentence. Thus, it fulfilled its obligation under the plea agreement.

Therefore, Pereira fails to show that the State violated the plea agreement on appeal, and her argument fails.

Accordingly, we affirm Pereira's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Glasgow, J.

_____
Price, J.