UNITED STATES of America,
Plaintiff-Appellee,

v.

Billy Arnold CLARK,
Defendant-Appellant.

No. 85–1917.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 1985.

Decided Jan. 27, 1986.

Rhonda Repp, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Billy Arnold Clark, pro per.

Before BROWNING, SNEED, and HUG, Circuit Judges.

HUG, Circuit Judge:

Petitioner Billy Arnold Clark ("Clark") appeals from the district court's dismissal of his petition for a writ of habeas corpus. Clark contends that the Government breached his plea agreement by failing to honor its promise not to make any recommendation concerning the sentence he should receive. On the report form required to be sent to the correctional institution, the prosecuting attorney made no recommendation as to the sentence to be imposed, but did make a recommendation that Clark should not be granted parole until the maximum time provided under the parole guidelines had expired. The issue before us is whether the plea agreement, in which the Government agreed to take no position on the sentence to be imposed, was violated by the Government making a specific parole recommendation. We hold it was not and therefore affirm.

## FACTS

Clark was indicted by a federal grand jury in Tucson, Arizona on two counts of bank robbery. At that time, four other counts of bank robbery were pending against Clark under a federal indictment in California, and Clark was a suspect in two additional bank robberies in Phoenix, Arizona. On October 6, 1982, the Government and Clark entered into a plea agreement, in which Clark agreed to plead guilty to count two of the Tucson indictment and count one of the California indictment. In turn, it was agreed that all remaining charges against him would be dismissed at the time of sentencing and no indictment would be sought against him for the bank robberies in Phoenix. In addition, the United States attorneys agreed "not to make any specific recommendation regarding the sentence which the defendant should receive."

During the sentencing proceeding on November 10, 1982, the Assistant United States Attorney Rhonda Repp ("Repp")

was asked by the court "if the United States Attorney had any comments or recommendations regarding the sentence." She responded, "No." Also on November 10, 1982, she sent to the correctional institution Form 792, which is entitled "Report on Convicted Prisoner by United States Attorney." The report form states that it must be completed for the use of the United States Parole Commission, as required by the United States Attorney's Manual. Under the section of the form calling for the United States Attorney's recommendation relative to parole, which section is optional, Repp made the following recommendation: "[p]arole should not be granted until the maximum time allowable under the guidelines has expired."

Clark began to serve his sentence at the Federal Correctional Institution in Memphis, Tennessee. After waiving his initial appearance, Clark appeared before the United States Parole Board hearing examiners, having served 29 months of his sentence. Clark maintains that it was at this hearing that he was first informed of the unfavorable parole recommendation. The hearing examiners recommended a presumptive parole date of July 16, 1991, after service of 120 months. The hearing examiner's report indicated that the applicable guideline range for custody was 100–148 months. The Regional Commissioner reversed the recommendation of the hearing officer and established the presumptive parole date at 148 months. This decision was upheld by the National Commissioners Administrative Review on January 3, 1985.

Subsequent to this determination, both Clark and his attorney filed separate motions for reduction of sentence pursuant to Fed.R.Crim.P. 35, which were denied. Thereafter, Clark filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (1982), contending that the Government's recommendation on parole violated the plea agreement. The district court denied the motion, finding that the plea agreement had not been violated because the Government had made no recommendation regarding the sentence.

## DISCUSSION

The legal principles governing the enforcement of plea agreements is succinctly set forth by this court in *United States v. Travis*, 735 F.2d 1129 (9th Cir.1984), as follows:

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). In determining whether a plea agreement has been broken, courts look to "what was 'reasonably understood by [the defendant] when he entered his plea of guilty.'" *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979) (quoting *United States v. Crusco*, 536 F.2d 21, 27 (3d Cir.1976)). If disputed, the terms of the agreement will be determined by objective standards. *United States v. Arnett*, 628 F.2d at 1164. The government will be held to "the literal terms of the agreement." *United States v. Garcia*, 519 F.2d 1343, 1344–45 (9th Cir.1975). Where the government violates a plea agreement at sentencing, the usual remedy is a remand for resentencing. *See United States v. Bronstein*, 623 F.2d 1327, 1330 (9th Cir.1980), *cert. denied*, 449 U.S. 842, 101 S.Ct. 122, 66 L.Ed.2d 50 (1980).

*Id.* at 1132.

Moreover, "[a] guilty plea becomes involuntary, and the ensuing sentencing subject to collateral attack, when the prosecutor fails to perform his side of a plea agreement." *Knight v. United States*, 611 F.2d 918, 921 (1st Cir.1979).

Clark complains that the Government did not fulfill its promise not to make any sentencing recommendation when Repp filed Form 792 recommending that Clark serve the maximum term and that, therefore, his sentence should be reduced. In order to prevail under 28 U.S.C. § 2255, a prisoner in custody under sentence for a

federal crime must demonstrate one of the following: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see Hitchcock v. United States*, 580 F.2d 964, 965 (9th Cir. 1978). Clark contends that his guilty plea was involuntary because the prosecutor failed to perform her part of the plea agreement and that the prosecutor's action constitutes a violation of his constitutional right to due process.

A literal reading of the plea agreement supports the district court's conclusion that Repp's parole recommendation *made after sentencing* is not a part of the sentence imposed by the court and that, therefore, the Government did not violate its promise to refrain from registering a sentencing recommendation with the court. At sentencing, the Government abided by the express terms of the plea agreement and did not "make any specific recommendation regarding the sentence which defendant should receive." The maximum sentence Clark could have received on each count was a prison term of 20 years and a $5,000 fine, with the sentences to be served consecutively. Although not required by the plea agreement, the district court allowed the sentences to run concurrently and imposed no fine.

As other courts have recognized, parole is a function of the Parole Commission, which is separate and distinct from the sentencing duties of the district court. *Dioguardi v. United States*, 587 F.2d 572, 574–75 (2d Cir.1978) (the Commission's decision to grant or deny parole is not part of the sentencing process); *Ganz v. Bensinger*, 480 F.2d 88, 89 (7th Cir.1973) (proceedings before a parole board are not part of the sentencing process or a criminal prose-

cution). The plea agreement in this case did not address or limit the terms or conditions of either parole eligibility or parole release date; the prosecutor made no promise whatsoever with regard to parole. As such, it cannot be said that the negotiated plea was breached by the Government.

A similar challenge was raised and rejected by the Seventh Circuit in *United States ex rel. Robinson v. Israel*, 603 F.2d 635 (7th Cir.) (en banc), *cert. denied*, 444 U.S. 1019, 100 S.Ct. 675, 62 L.Ed.2d 650 (1980) ("Robinson"). In that case, the petitioner, Robinson, contended that his negotiated plea to an indeterminate sentence violated his right of due process where, after accepting the plea and imposing the sentence, the judge and the prosecutor both recommended, pursuant to statute, to the Illinois Parole Board that Robinson serve the maximum term.[1] Robinson was not advised that the recommendation would be written.

The Seventh Circuit found that the Government had abided by the express terms of the plea agreement: Robinson was promised and received an indeterminate 10 to 40 year sentence. Because the plea agreement did not prohibit the prosecutor from registering a recommendation on parole, the court of appeals ruled that the plea agreement had not been breached:

> In this case, [Robinson] was promised and received a ten to forty year prison term in exchange for his guilty plea. The fact that the prosecutor and trial judge later recommended to the parole board that petitioner serve the maximum time under the sentence imposed does not constitute an addition to the term he was promised. Regardless of the effect that recommendation might have on his parole eligibility, petitioner will never be in custody longer than he was told he would be. Thus, ... petitioner received

---

**1.** The "pen letter," as the prosecutor's recommendation is commonly referred to, stated that "[i]t is recommended that this defendant serve

the maximum time possible under the 10–40–year sentence imposed upon him." *Robinson*, 603 F.2d at 637.

exactly what he was promised: custody of from ten to forty years. He therefore obtained the benefit of his bargain and suffered no prejudice in derogation of the due process clause.

*Id.* at 638.

In addition, we agree with the Seventh Circuit's holding that although a defendant must be informed of the direct consequences of a guilty plea, the lack of an explanation of collateral consequences, such as a recommendation to a parole board, does not establish a constitutional violation:

> In this case, the fact that the "pen letter" was to be sent to the parole board after the imposition of the sentence, and that the recommendation expressed therein allegedly could affect petitioner's parole, is properly characterized as a collateral consequence of the petitioner's plea. Accordingly, we hold that the trial court's failure to advise the petitioner of such a collateral consequence of his plea does not reach constitutional proportions invalidating an otherwise valid plea.

*Id.*

*Robinson* is very similar to the instant case. Here, Clark was promised that the prosecutor would make no recommendation as to the sentence he should receive. As in *Robinson,* the plea agreement made no mention of any promise not to give a recommendation as to parole. Viewed objectively, the Government fulfilled its part of the plea agreement when it refrained from making a sentencing recommendation. The defendant received a 20-year sentence, whereas he could have received two consecutive 20-year sentences. The prosecutor's post-sentencing parole recommendation to the Parole Commission could not have had any affect on the sentence he received. There being no breach of the plea agreement, the petitioner has failed to state a claim under section 2255.

The order dismissing the petition for writ of habeas corpus is AFFIRMED.