**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Park Hung QUAN,
Defendant-Appellant.**

No. 85–4088.

United States Court of Appeals,
Ninth Circuit.

Submitted * May 5, 1986.

Decided May 8, 1986.

---

* Oral argument waived by the court.

Gene S. Anderson, U.S. Atty., Sally Gustafson, Asst. U.S. Atty., Tacoma, Wash., for plaintiff-appellee.

Park Hung Quan, pro se.

Before DUNIWAY, WRIGHT and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Quan appeals pro se from the denial of his 28 U.S.C. § 2255 petition. He contends that his sentence should be reduced or vacated on these grounds: (a) breach of the plea agreement; (b) fraudulent inducement to obtain the plea agreement; (c) failure of counsel to inform the trial judge of the breach at time of sentencing; and (d) improper consideration by the Parole Board of the presentence report, which had been sealed by court order. He also claims a right to an evidentiary hearing on his petition. We disagree.

FACTS

In June 1983, a grand jury indicted Quan and two others on three counts relating to an unsuccessful attempt at a contract murder by car bomb. On August 12, 1983, following plea negotiations, by his appointed counsel, Quan pleaded guilty to one of the three counts in the indictment. Before

signing the plea agreement,[1] he read it, and his attorney explained it and advised him to sign it.

Between August and November, Quan cooperated with the government by testifying against his co-defendants at trial and supplying federal law enforcement agencies with information helpful in solving other crimes. The government agrees that he satisfied his obligations under the plea agreement.

On November 4, 1983, Quan was convicted and sentenced to ten years in prison. In April 1984, Quan's motion under Fed.R. Crim.P. 35 was denied. He then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The court denied the motion without an evidentiary hearing on July 3, 1985; and Quan appealed on July 22, 1985.

## STANDARD OF REVIEW

■ We review de novo the denial of a defendant's § 2255 petition. *Jones v. United States,* 783 F.2d 1477, 1479 (9th Cir. 1986).

## ANALYSIS

### I. *Merits of the Petition*

#### A. *Breach of Plea Bargain*

Quan alleges that the government promised it would obtain his release from prison and use him in an undercover capacity. In return, he would receive a lesser sentence. These promises were allegedly made a few weeks after he signed the plea agreement and pleaded guilty.

"[O]nly when it develops that the defendant was not fairly apprised of its consequences can his plea be challenged under the due process clause." *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). Thus, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). If the prosecutor fails to perform his side of the plea agreement, the guilty plea becomes involuntary, and the ensuing sentence subject to collateral attack. *United States v. Clark,* 781 F.2d 730, 731 (9th Cir.1986).

■ In determining whether a plea agreement has been broken, we look to what the defendant reasonably understood when he entered his guilty plea. *Id.* If disputed, the terms of the agreement will be determined by objective standards. *Id.* "[A] plea agreement is contractual in nature and is measured by contract law stan-

---

1. The plea agreement, which was signed on August 8, 1983, reads in relevant part:

   The parties agree that:

   1. Mr. Quan will plead guilty to Count II of the indictment (a felon in possession of explosives) the maximum possible punishment for which is a fine of not more than $10,000, or imprisonment for not more than ten years, or both.

   2. Mr. Quan further agrees to testify truthfully and fully at trial concerning his involvement in the conspiracy charged in Count I at trial and further agrees to cooperate with the United States in giving complete and accurate information regarding any other criminal activity of which he may be aware. He further agrees to actively cooperate with agents of the federal government to further investigate other violators of federal law. He further agrees to testify fully and completely at any grand jury or trial which may result from his cooperation. Mr. Quan understands that should his information prove to be inaccurate or false in any way, this agreement will be con-

   sidered breached and he will be prosecuted on all counts of the indictment and be subject to possible prosecution for perjury.

   3. The United States agrees that it will move to dismiss Counts I and III of the indictment as to Mr. Quan at his sentencing and further agrees to inform the sentencing judge *in camera* of the full extent of Mr. Quan's cooperation in this and other matters.

   4. The United States agrees that it will not use the information supplied by Mr. Quan against him during any subsequent criminal proceeding. However, this limited immunity does not extend to any involvement Mr. Quan may have (if any) with homicide or attempted homicide.

   5. The United States further agrees to not oppose Mr. Quan's request to be released from custody on this charge on a $100,000 property bond secured by the property of his parents.

   There are no further promises or agreements in this matter.

dards." *United States v. Read,* 778 F.2d 1437, 1441 (9th Cir.1985). This determination is a question of fact to be resolved by the district court. *Id.*

■ Quan's contention that the plea agreement was breached is without merit. On its face, the agreement does not provide that the government will obtain Quan's release from prison or that it will attempt to obtain a reduction in his sentence. The agreement states explicitly: "There are no further promises or agreements in this matter." In his petition, Quan admits that he read the agreement before signing.

He also admits that the government moved, as agreed, to inform the judge *in camera* of the full extent of his cooperation with the government. Furthermore, the record shows that the court was informed of Quan's cooperation with the government at the time of sentencing. Since the government has "abided by the expressed terms of the plea agreement," *Clark,* 781 F.2d at 732, no breach has occurred.

### B. *Fraudulent Inducement*

■ Quan's contention that the prosecutor induced him to sign the agreement with oral promises is contradicted by his § 2255 petition. There, he admits that all pre-signing discussions were merely "exploratory talks for a plea bargain." Post-signing discussions are irrelevant because they could not have induced Quan to sign the agreement or plead guilty.

### C. *Failure to Inform of Breach*

Since no breach occurred, counsel violated no duty by failing to inform the sentencing judge of a breach.

### D. *Use of Presentence Report by Parole Commission*

■ Quan maintains that use by the Parole Commission of the presentence re-

port, which had been sealed by the court, was improper. He also contends that this was a breach of the plea agreement. Since nowhere in the agreement did the government say it would have the report sealed, this latter contention is frivolous. Quan's contention that the sentencing judge modified the agreement to include such a requirement is also without merit, as the judge was not a party to the agreement.

■ Quan's contention that the Parole Commission should not have received a copy of the presentence report because it was sealed is frivolous. One function of the presentence report is to furnish the Parole Commission with information pertaining to consideration of parole, *see* Probation Division, Administrative Office of the United States Courts, The Presentence Investigation Report 1 (1984); *Berry v. Department of Justice,* 733 F.2d 1343, 1351 (9th Cir.1984), and these documents are routinely forwarded to the Parole Commission. *Id.* at 1350. They are routinely sealed to prevent public access. However, as the Parole Commission must be provided with all pertinent information in order to make informed decisions, the sealing of these reports does not limit access by the Commission.

■ Regardless of how the Parole Commission obtained the report, in making a parole determination, it is statutorily required to rely upon the presentence investigation report, if available. 18 U.S.C. § 4207; *Berry v. Department of Justice,* 733 F.2d at 1346. Since Quan has not alleged that this report contains false information, the Commission's reliance upon it was not an abuse of discretion. *See Jones,* 783 F.2d at 1483.[2]

### II. *Evidentiary Hearing*

Quan maintains that the district court erred in denying his § 2255 petition without an evidentiary hearing.

---

**2.** We have recently decided to consider en banc a case that raises the issue whether Parole Commission decisions are subject to judicial review only to the extent that they are alleged to be in violation of the Constitution or inconsistent with the power granted the Commission by stat-

ute. *United States v. Wallace,* 783 F.2d 951 (9th Cir.1986) (order withdrawing previous three-judge panel assignment). *Wallace* will not affect the decision here since Quan's challenge does not bear scrutiny even under the more lenient standard we have applied here.

A district court may not deny a § 2255 motion without an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We will affirm the court if Quan's allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir.1985) (quoting *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985)). Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required. *Farrow v. United States,* 580 F.2d 1339, 1360–61 (9th Cir.1978) (en banc).

As we have indicated, Quan's claim of breach of the plea agreement is contradicted by the record. As the agreement is clear on its face, no hearing is required. *United States v. Bronstein,* 623 F.2d 1327, 1330 (9th Cir.), *cert. denied,* 449 U.S. 842, 101 S.Ct. 122, 66 L.Ed.2d 50 (1980). His claim that he was induced to sign the agreement by oral promises is patently frivolous. His contention that the Parole Commission improperly considered the presentence report does not state a claim for relief. No evidentiary hearing was required.

The denial of Quan's § 2255 petition is affirmed.