885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Conrad PAULEY, Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 No. 89-7519.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1989.
Decided Aug. 31, 1989.
 
 Paul Eugene Sutton, Gulick & Sutton, for appellant.
 Robert Edward Bradenham, II Assistant United States Attorney, Henry E. Hudson, United States Attorney on brief, for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation; ERVIN, Chief Judge, and WILKINS, Circuit Judge.
 PER CURIAM:
 
 
 1
 The question presented is whether the district court erred in dismissing appellant's 28 U.S.C. Sec. 2255 petition without conducting an evidentiary hearing. We think the district court properly considered appellant's claims on the basis of the existing records and the court's own recollections, and therefore affirm.
 
 I.
 
 2
 Appellant James Conrad Pauley pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and was sentenced to ten years imprisonment. Appellant's guilty plea was based upon an agreement with the government under which he would plead guilty to a single charge of conspiracy and cooperate with the government in exchange for a grant of immunity as to all other charges pending against him. In November, 1988, appellant filed a Sec. 2255 motion challenging his conviction. Appellant contended that the United States Attorney violated the plea agreement and claimed ineffective assistance of counsel in both the guilty plea and sentencing proceedings. The Sec. 2255 motion was considered by the same district judge who presided over the guilty plea and sentencing.
 
 
 3
 The district court denied appellant's motion, holding that neither of his claims merited relief. It held that the terms of the plea agreement were plain, and that the United States attorney had complied with those terms. The court also reviewed the record of the guilty plea and sentencing and concluded that appellant's counsel was not inadequate under established standards of Strickland v. Washington, 446 U.S. 668 (1984). The district court concluded that no evidentiary hearing was necessary because the court had the benefit of the record and transcripts, as well as its own recollections of the case, and because appellant failed to allege facts that, if true, would entitle him to relief.
 
 II.
 
 4
 District courts need not conduct an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 18 U.S.C. Sec. 2255. In making this determination, the court may in appropriate cases rely, in addition to the record and transcript, on its own recollections of the earlier proceedings. Machibroda v. United States, 368 U.S. 487, 495 (1962). Reviewing each of appellant's stated grounds for relief, we conclude that the district court's decision to dismiss the petition without a hearing was proper.
 
 A.
 
 5
 Appellant's first contention was that the government violated the plea agreement "in that the involvement of your Petitioner in other matters which were presently pending in various Courts was used by the Court to determine the sentencing level under which the Petitioner was sentenced." Jt.App. 101. We agree with the district court that this contention is foreclosed by the record. The plain language of the plea agreement stated that the government only agreed not to further prosecute petitioner for other crimes arising from the drug conspiracy to which he pled guilty. The agreement specifically provides that the United States attorney would give complete information to the Court and the Probation Department for sentencing. Jt.App. 4. The district court amply informed appellant of the meaning of the agreement:
 
 
 6
 THE COURT: [T]he United States Attorney's Office will inform me and the Probation Department of several things:
 
 
 7
 First, this agreement and the nature and extent of your activities with respect to this overall conspiracy and the full nature and extent of your cooperation, if any, and when that cooperation commenced, and all other information in the possession of the United States Attorney relative to the sentence.
 
 
 8
 Now, those words are pretty plain, but I want you to understand this: that while you are pleading to count one of the indictment, the United States Attorney is going to tell me and the Probation Department all about your complete agreement and where you stand in the pecking order of this agreement, how important you were to it as you were a courier or a manager or an organizer, or just what it is, and all of those aspects are going to be taken into consideration by me when I pronounce sentence.
 
 
 9
 Do you understand that?
 
 
 10
 THE DEFENDANT: Yes, Your honor.
 
 
 11
 Jt.App. 32-33. The record leaves no question that the government complied with the agreement, and appellant's claim on this point is meritless. Where, as here, "the agreement is clear on its face, no hearing is required." United States v. Quan, 789 F.2d 711 (9th Cir.1986).
 
 B.
 
 12
 Appellant's second contention, that he received ineffective assistance of counsel, is also without merit. Under Strickland v. Washington, 446 U.S. 668, 686 (1984), appellant is not entitled to relief for ineffective assistance unless "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Appellant must also show that but for counsel's performance there is a reasonable probability that "the result of the proceeding would have been different." Id. at 694. The Strickland standard plainly could not be met here.
 
 
 13
 Appellant first argues that counsel was ineffective by failing to object to the sentencing court's consideration of matters for which appellant was granted immunity under the plea agreement. As discussed above, this claim is groundless as these matters were properly considered.
 
 
 14
 Appellant next contends that counsel did not adequately review and discuss with him the pre-sentence report used as a basis for his sentence. As the district court's opinion demonstrates, appellant and counsel assured the court several times that appellant had been given a full opportunity to review the report. The district court offered to allow appellant additional time, but appellant stated that he was satisfied. See Jt.App. 108-110. His conclusory allegations to the contrary at this stage provide no basis for relief.
 
 
 15
 Finally, appellant contends his counsel failed to review adequately certain Jencks Act material provided by the government. Appellant has alleged no specific facts suggesting that his counsel's performance was deficient. Further, appellant's petition contains no hint of the nature of any exculpatory material over-looked by counsel that might have cast doubt on the government's proof. Again, appellant's conclusory allegations form no basis for relief. The judgment of the district court is hereby
 
 
 16
 AFFIRMED.