967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellee,
v.
Steven Eric CRAIG, Petitioner-Appellant.
 No. 90-55450.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.*
Decided June 12, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Federal prisoner Stephen Craig appeals the denial of his 28 U.S.C. § 2255 petition seeking conditional release from his commitment under 18 U.S.C. § 4243(e). Mr. Craig was committed to the custody of the Attorney General after he was found not guilty by reason of insanity of the crime of threatening the life of the President. We affirm the denial of his petition.
 
 
 4
 A district court's decision regarding a section 2255 petition to vacate, set aside, or correct a sentence is reviewed de novo. United Staes v. Quan, 789 F.2d 711 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986).
 
 
 5
 Craig argues that the district court erred in concluding that he failed to establish that his release would not create a substantial risk of injury to persons or property. Pursuant to 18 U.S.C. § 4243(d), a person found not guilty by reason of insanity must prove by clear and convincing evidence that his conditional release does not pose a substantial risk of bodily injury or serious property damage because of his present mental illness. We agree with the district court that Craig has failed to meet this burden. We recognize that the warden of the facility in which Craig is confined has now recommended that Craig be released because his mental illness has stabilized. However, the court-appointed psychiatrist who examined Craig concluded that Craig continues to suffer from chronic paranoid schizophrenia and that his release would pose a substantial threat to society. Moreover, both the psychiatrist and the warden concluded that Craig would become "dangerously psychotic" if he stopped taking his prescribed medication, and that it was very likely that Craig would stop taking his medication if released. In light of this unanimity of opinion on Craig's potential for dangerousness, we conclude that Craig has not shown by clear and convincing evidence that he does not pose a threat to society as a result of his continuing mental illness.
 
 
 6
 Craig also claims that he received ineffective assistance of counsel at his trial, a claim apparently based on Craig's waiver of his right to trial by jury. This claim is without merit. To establish ineffective assistance of counsel, Craig must demonstrate both that his counsel's actions were "outside the wide range of professionally competent assistance" and that he was prejudiced by his counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). We find that Craig has failed to establish any prejudice resulting from the conduct of his trial. Before trial, Craig filed a notice of his intention to rely on an insanity defense and Craig was ultimately successful in that defense. He was thus not prejudiced as the result of having a bench trial rather than a jury trial.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3