977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip WALSH, Defendant-Appellant.
 No. 91-10474.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 ORDER
 
 1
 Because the court has decided this case on the merits, defendant-appellant's motion for a temporary remand to the district court is denied as moot. The mandate shall issue forthwith.
 
 
 2
 MEMORANDUM**
 
 
 3
 Philip Walsh appeals pro se from his guilty plea conviction and sentence on two counts of using a telephone to purchase cocaine with the intent to distribute it (21 U.S.C. § 843(b)) and of conspiring to evade currency transaction reporting requirements (18 U.S.C. § 371). Walsh argues, inter alia, that the district court erred by finding that he had violated the terms of his plea agreement and by denying Walsh's motion to withdraw his guilty plea. We reject these contentions and affirm.
 
 
 4
 We note at the outset that a plea agreement is contractual in nature and is therefore measured by contract law standards. United States v. Quan, 789 F.2d 711, 713-14 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986). Where the parties to a plea agreement dispute the meaning of its terms, the agreement's provisions will be determined by objective standards. Id. at 713.
 
 
 5
 Although the district court did not explicitly identify which of Walsh's actions violated the plea agreement, it is clear from a reading of the complete transcript of the sentencing proceedings of August 1, 1991, that the court based its holding on three essentially undisputed findings: (1) Walsh's shipment and attempted sale of the two cars near Buffalo that resulted in his "cover" being "blown"; (2) his unauthorized flight from Scranton to a secret residence in Tampa without telling anyone in the witness protection program; and (3) his failure to maintain proper contact with officials in the program, resulting in his missing the originally scheduled trial date of Steve Garcia and in his failing to arrive on time to prepare for a grand jury appearance. SER at 184-265.
 
 
 6
 Contrary to Walsh's contention, the plea agreement did not simply require him to testify truthfully; it explicitly obligated him to "cooperate ... fully with any and all law enforcement agencies." SER at 9. Having voluntarily placed himself in the witness protection program, Walsh was required to work with the officials in that program in such a way that its security, as well as his own, would not be compromised. Perhaps more importantly, Walsh had promised and was obligated to be available to testify at trial or in any other proceeding. Because Walsh's actions constituted a failure to provide full cooperation, the district court did not err on this point. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (a district court's resolution of the facts underlying the terms of a plea agreement are reviewed for clear error).
 
 
 7
 Walsh's argument that he should have been allowed to withdraw his guilty plea is equally meritless. The record reflects that Walsh knowingly and intelligently pleaded guilty to the two counts of the information, based on a full disclosure from the court, the prosecution, and Walsh's own counsel, of Walsh's rights and the effect thereon that would flow from his entry of a guilty plea. Indeed, Walsh's position amounts to little more than an attempt to withdraw his plea upon learning that he might be sentenced more harshly than he had originally anticipated. See United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989) (as amended), cert. denied, 111 S.Ct. 80 (1990). Accordingly, we find no abuse of the district court's discretion in its denial of the motion. See United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990).
 
 
 8
 Because Walsh's remaining arguments find no support in the record,[1] his conviction and sentence are
 
 
 9
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We are not required to reach the merits of Walsh's remaining arguments because he failed to present them first to the district court. See Flores-Payon, 942 F.2d at 558. However, we elect to dispose of them because they are essentially legal in nature and the appellee will suffer no prejudice as the result of our ruling on them. See id