995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mauricio Eduardo HERNANDEZ, Plaintiff-Appellant
v.
UNITED STATES of America, Defendant-Appellee
 No. 92-55625.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Decided June 3, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and TANNER,* * * Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant Mauricio Eduardo Hernandez pled guilty on June 13, 1989 to count two of an indictment charging him with aiding and abetting the possession of cocaine with intent to distribute.
 
 
 4
 Defendant now appeals the district court order denying his motion to vacate, set aside or correct sentence pursuant to Title 28, U.S.C. Section 2255. We Affirm.
 
 
 5
 A district court decision on a Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. 2255 is reviewed de novo. United States v. Quan, 789 F.2d 711 (9th Cir.) cert. dismissed, 478 U.S. 1033 (1986).
 
 
 6
 A claim alleging ineffective assistance of counsel is evaluated by the standard articulated in Strickland v. Washington, 466 U.S. 668, 686 (1984). The defendant must show that counsel's performance fell below an objective standard of reasonableness, and counsel's deficient performance prejudicially affected the outcome. Id. at 687.
 
 
 7
 Defendant claims he was prejudiced by counsel's failure 1) to appear at sentencing, 2) investigate the facts of this case, and 3) put on a defense. The record is devoid of facts to support appellant's allegations. In fact, the record shows that: defendant agreed to allow his counsel's colleague, Mr. Reemberto Diaz, to represent him at sentencing (E.R. 55-56), defendant was advised of his constitutional rights, (E.R. 17-20), and defendant indicated he was satisfied with the service rendered by counsel. (E.R. 24).
 
 
 8
 Defendant's additional allegations, that counsel failed to advise him of possible courses of action and file pretrial motions on his behalf, also are not supported by the record. (E.R. 53-55). Even if counsel's performance was deficient, defendant would still have to show that the deficiency prejudiced him. Defendant received the benefit of his plea bargain. (Ex. A.P.27). He has not been prejudiced. Hernandez has failed to make either of the requisite showings under Strickland.
 
 
 9
 Defendant next attacks his sentence on grounds that his plea was involuntary pursuant to Fed.R.Crim.P. 11.
 
 
 10
 Rule 11 requires the court to advise the defendant, inter alia of the nature of the charges against him and of any mandatory minimum penalties, and the maximum possible punishment. The transcript of the plea hearing makes it clear that the court fully complied with Rule 11. (E.R. 21-30). When asked if he understood the charges in the indictment, defendant answered yes. (E.R. 17-, R.T. 6) The court determined defendant's plea to be knowing and voluntary, and that there was a factual basis for the plea. (E.R. 27-28).
 
 
 11
 Finally, defendant claims that the evidence was insufficient to establish his guilt, and that false and prejudicial information was contained in the PSI report. (Appellant's brief, pg. 3-4).
 
 
 12
 Defendant pled guilty to aiding and abetting possession with intent to distribute cocaine. (E.R. 6; CR 6). By doing so, defendant admitted every element required to establish the offense, and is precluded from attacking his guilty plea on the basis of insufficient evidence. United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989).
 
 
 13
 Defendant's brief states conclusory allegations unsupported by the record. Where the record shows petitioner is entitled to no relief, an evidentiary hearing is not required. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 14
 The district court properly denied defendant's motion for an evidentiary hearing. WE AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3