12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Claude E. DIXON, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 NO. 92-16344.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Nov. 19, 1993.
 
 1
 Before: CNABY and NOONAN, Circuit Judges; ORRICK, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Claude E. Dixon appeals the district court's grant of summary judgment in favor of the United States with respect to his Sec. 2255 motion. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 The sentence Dixon collaterally attacks in the Sec. 2255 motion at issue in this appeal was imposed in 1987, when a jury convicted Dixon of two counts of mail fraud (18 U.S.C. Sec. 1341) and one count of using the mails to sell unregistered securities (15 U.S.C. Sec. 77(e)(a)(2)). Following an unsuccessful appeal to this court and an equally unsuccessful motion to reduce his sentence (Fed.R.Crim.P. 35), Dixon moved under Sec. 2255 alleging prosecutorial misconduct and ineffective assistance of counsel; discovery ensued; the government moved for summary judgment on all issues; the magistrate heard oral argument and recommended that summary judgment be granted; and, on July 10, 1992, the district court adopted in full the magistrate's findings and recommendations and denied Dixon's Sec. 2255 motion. On July 16, 1992, Dixon timely appealed to this court. Jurisdiction was proper under 28 U.S.C. Secs. 2253, 2255.
 
 
 5
 Dixon has served his time in custody and remains in "custody" only to the extent that he is serving the remainder of his five years' probation, which will expire on November 2, 1994.
 
 DISCUSSION
 
 6
 This court reviews de novo the district court's denial of a defendant's Sec. 2255 motion. United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986). Factual findings may be set aside only where there is clear error. United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985). Despite its broad language, Sec. 2255 provides relief only for a defect that is "fundamental," causing a "complete miscarriage" of justice. Hill v. United States, 368 U.S. 424, 428 (1962). Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).
 
 Prosecutorial Misconduct
 
 7
 Dixon alleges three forms of pre-trial prosecutorial misconduct in connection with the grand jury's indictment. We find that none of the allegations describes misconduct. There was no evidence of a taint from the state proceeding. A federal indictment may be based upon hearsay. Costello v. United States, 350 U.S. 359, 363-64 (1956). And, finally, the prosecution was under no obligation to present the grand jury with exculpatory evidence. United States v. Williams, 112 S.Ct. 1735 (1992).
 
 
 8
 As to Dixon's fourth allegation of pre-trial prosecutorial misconduct, that it was misconduct for the prosecutor not to provide Dixon with the allegedly exculpatory testimony of Norman Thompson until after trial, we find the allegations inadequate to withstand summary judgment. Dixon has failed even to allege the materiality of the evidence as required by United States v. Bagley, 473 U.S. 667, 682 (1984), notwithstanding his earlier declaration regarding the evidence's content.
 
 
 9
 As to prosecutorial misconduct at trial, habeas relief is available only for misconduct so egregious as to have rendered the trial fundamentally unfair. Greer v. Miller, 483 U.S. 756, 765 (1987). Dixon's showing on this issue is insufficient to withstand summary judgment. Dixon alleges it was error for the prosecutor to introduce statements of Dixon inconsistent with Dixon's later statements. Dixon does not direct this court's attention to the statements of which he complains, but regardless of when at trial they were introduced, they were admissible (see Fed.R.Evid. 801(d)(2)). As to Dixon's allegation that the prosecution intentionally misinformed the jury as to his employment dates and ??? dates of solicitations to investors, again Dixon fails to substantiate the allegation with citations to the record. Nor does Dixon substantiate his allegations that the prosecution intentionally misinformed the jury by misreading witness Reese's notes. Dixon's allegation that it was misconduct for the prosecution not to provide Dixon with Reese's notes is also unavailing, because the prosecution had no duty to provide Dixon with material not in its possession, custody or control ( see United States v. Flores, 540 F.2d 432, 438 (9th Cir.1976); 18 U.S.C. Sec. 3500). Finally, there no was misconduct in the prosecutor's failing to call to the stand or turn over to the defense prospective witness Merritt. Because Merritt's testimony would have concerned conversations between Dixon and Merritt, there was nothing the government could have withheld; if Merritt had exculpatory conversations with Dixon, Dixon knew about them.
 
 
 10
 As to Dixon's allegation of prosecutorial misconduct after trial in connection with witness Reese's notes, we conclude that it does not state a constitutional violation.
 
 
 11
 Because Dixon has not raised a genuine issue of material fact regarding prosecutorial misconduct, summary judgment was proper.
 
 Ineffective assistance of counsel
 
 12
 To withstand a motion for summary judgment on an ineffective assistance of counsel claim, a defendant must allege and proffer evidence (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that such deficiency prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 13
 While we do not rely on them in reaching our decision, we begin by noting the comparatives and superlatives with which Dixon commended his lawyer just prior to delivering his own closing:
 
 
 14
 Your Honor, let me state on the record, if I may at this point, that up until last night, even up until this moment, I was very happy with the representation with Mr. Sudman.... I really--I was extremely happy. I was proud to have him stand up and represent my interests. I have never seen a person represented in the courtroom better than Mr. Sudman representing me.
 
 
 15
 After a careful review of the entire record, we conclude that the district court's grant of summary judgment on the claim of ineffective assistance was proper. With the exception of one issue we consider below, Dixon's allegations, even if of issues genuinely disputed, concern issues not material under the Strickland standard.
 
 
 16
 We take specific note of one allegation of ineffective assistance, which, if disputed, would be material. Dixon alleges that counsel refused to deliver a closing argument. The record establishes otherwise, however. Dixon's counsel began a closing late on Wednesday, and upon the resumption of trial on Thursday, Dixon's counsel announced Dixon's decision to deliver his own closing; the court allowed it, and Dixon thanked the court in these words: "It's my life and I wouldn't have to blame Mr. Sudman." With respect to this allegation, therefore, there can be no genuine dispute.
 
 
 17
 Because Dixon's showing as to ineffective assistance in no instance regards a fact that is both material and disputed, summary judgment in favor of the government was proper.
 
 CONCLUSION
 
 18
 There being no genuine issue of material fact as to prosecutorial misconduct or ineffective assistance of counsel, the motion of the United States for summary judgment was properly granted. The district court's denial of Dixon's Sec. 2255 motion is therefore AFFIRMED.
 
 
 
 *
 Honorable William H. Orrick, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3