103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim Annon BISHOP, Defendant-Appellant.
 No. 95-17336.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Dec. 09, 1996.
 
 Before: WOOD, JR.,* SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim Annon Bishop ("Bishop") pled guilty to conspiracy to possess and distribute methamphetamine and possession of methamphetamine with intent to distribute. The federal sentencing guidelines in effect at the time imposed a significantly harsher sentence on defendants convicted of crimes involving dextro-methamphetamine ("D-methamphetamine") than on defendants convicted of crimes involving levo-methamphetamine ("L-methamphetamine"). Because of this disparity, a district court was required to sentence a defendant as if he possessed L-methamphetamine unless the government proved by a preponderance of the evidence that the defendant possessed D-methamphetamine. United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995). The government offered no proof that Bishop possessed D-methamphetamine and the district court made no express finding that Bishop possessed D-methamphetamine. Nonetheless, the court sentenced Bishop to 151 months in prison and 60 months of supervised release, a sentence consistent with a finding that Bishop possessed D-methamphetamine.
 
 
 3
 Bishop filed a motion to vacate, modify or correct his sentence pursuant to 28 U.S.C. § 2255 contending that he received ineffective assistance of counsel because his attorney did not object to the government's failure to prove that Bishop possessed D-methamphetamine and the district court's failure to make express findings that Bishop possessed D-methamphetamine. After a status hearing on the motion, the district court denied it without an evidentiary hearing. We affirm.
 
 I.
 
 4
 We review both an order denying a Section 2255 motion and a determination that a prisoner was not denied effective assistance of counsel de novo. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review a district court's decision to deny an evidentiary hearing for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1464-65 (9th Cir.1994).
 
 
 5
 Bishop contends that he was denied effective assistance of counsel because his attorney failed to object to his sentence on the grounds that the district court improperly calculated his sentence under the guidelines for D-methamphetamine without an offer of proof from the government that D-methamphetamine was involved in the transaction.[1] To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-96 (1984); Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). An attorney's performance is deficient where his "representation [falls] below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Deficient performance prejudices the defendant if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome. Id.
 
 A.
 
 6
 Relying on the Fifth Circuit's opinion in United States v. Acklen, 47 F.3d 739 (5th Cir.1995), the district court concluded that Bishop's trial counsel may have performed deficiently by failing to object to Bishop's sentence on the basis that the government offered no proof that Bishop possessed D-methamphetamine. The parties devote little attention to this issue on appeal. However, subsequent to the district court's decision, a panel of this Court held that a defense counsel's failure to inquire about the type of methamphetamine involved in the transaction and to challenge a sentence because the government failed to prove the type of methamphetamine involved in the transaction did not fall below an objective standard of reasonableness and, hence, did not amount to ineffective assistance of counsel. McMullen, 1996 WL 604087 at * 3-4. Accordingly, we must conclude that trial counsel here did not act unreasonably in failing to investigate the type of methamphetamine involved in the transaction and in failing to object to the government's failure to prove that Bishop possessed D-methamphetamine. As such, Bishop's ineffective assistance claim must fail.
 
 B.
 
 7
 Even if we agreed with the Fifth Circuit that counsel's failure to raise the type of methamphetamine involved may fall below prevailing professional norms, Bishop's claim would fail because he has failed to meet the second prong of the Strickland test. The record before us demonstrates that Bishop was not prejudiced by his counsel's alleged error.
 
 
 8
 To establish prejudice a defendant must demonstrate a reasonable probability that but for his counsel's failure to object, he would have received a lesser sentence. Bishop must demonstrate that but for his counsel's alleged error, he would have received the lesser sentence based on possession of L-methamphetamine rather than D-methamphetamine. In other words, Bishop must tender some specific evidence, other than his own conclusory allegations, that he possessed L-methamphetamine rather than D-methamphetamine. See McMullen, 1996 WL 604087 at * 4; Acklen, 47 F.3d at 744.
 
 
 9
 Bishop contends that statements in two documents raise a reasonable probability that he possessed L-methamphetamine rather than D-methamphetamine. First, Bishop points to a letter from an Assistant United States Attorney stating that although the state police lab could have tested the sample confiscated from Bishop at the time of his arrest to determine whether it was D-methamphetamine or L-methamphetamine, the lab failed to do so. The letter also states that the sample has been destroyed. Bishop argues that this letter demonstrates that no chemical analysis of the methamphetamine involved in the transaction is available or can ever be made available. Bishop implicitly reasons that because no chemical analysis is available, the government cannot meet its burden of proof and that, therefore, a reasonable probability exists that Bishop has been prejudiced.
 
 
 10
 Bishop's reasoning is flawed for several reasons. First, Bishop misconstrues the showing that he must make to create a reasonable probability that the outcome of the proceedings would have been different had his counsel objected at sentencing. Under the Strickland test, Bishop must show that had his counsel objected at the sentencing hearing, the government could not have met its burden of proof. Evidence that the sample is now destroyed and that no chemical analysis can be performed does not meet this burden. Rather, Bishop would need to show that the sample was destroyed prior to the sentencing so that even if Bishop had objected at sentencing, the government would not have been able to introduce any chemical analysis evidence establishing which type of methamphetamine Bishop possessed at the time of his arrest.
 
 
 11
 Furthermore, Bishop seems to imply that the government's failure to request a chemical analysis when the lab had the technology to perform such an analysis suggests that Bishop possessed D-methamphetamine. However, the absence of a lab report alone is insufficient to create a reasonable probability that L-methamphetamine was involved in the transaction. See Acklen, 47 F.3d at 744 n. 11.
 
 
 12
 Moreover, even if Bishop could establish that the government destroyed the sample prior to sentencing, the absence of a chemical analysis on the sample is not decisive. Rather, where no direct evidence of methamphetamine's chemical composition is available, the government may present circumstantial evidence to determine which isomer is involved. Dudden, 65 F.3d at 1471.
 
 
 13
 Bishop also points to a police report describing a packet of methamphetamine seized in a search of Bishop's home as a "brown powdery substance." Bishop argues that under Dudden, 65 F.3d at 1471-72, evidence that the methamphetamine involved in the transaction was discolored establishes that the methamphetamine was L-methamphetamine rather than D-methamphetamine. In Dudden, we recognized testimony from several sources stating that the methamphetamine at issue was a yellow-orangeish color, was hard to sell and did not have much of an effect on its users. Id. These attributes "arguably support[ed] the conclusion that the drug was L-methamphetamine...." Id. However, unlike the defendant in Dudden, Bishop has presented only a single source of testimony stating only that the methamphetamine was discolored.
 
 
 14
 More importantly, unlike the discolored sample in Dudden, the allegedly discolored methamphetamine here cannot be traced directly to the methamphetamine that Bishop possessed at the time of his arrest. Rather, the allegedly discolored methamphetamine is methamphetamine that the police found near one of Bishop's co-conspirator's at Bishop's home. Bishop has offered no evidence that this methamphetamine came from the same source as the methamphetamine that he possessed at the time of his arrest. Moreover, the police report also indicates that some of the methamphetamine recovered in the same search of Bishop's home was not discolored. Accordingly, Bishop's evidence, unlike the evidence in Dudden, does not support an inference that Bishop possessed L-methamphetamine.
 
 
 15
 Neither the police report nor the letter from the Assistant United States Attorney suggests that Bishop may have possessed L-methamphetamine rather than D-methamphetamine at the time of his arrest. Bishop concedes in his status report that no other evidence regarding the type of methamphetamine involved in the transaction exists. Therefore, the record sufficiently demonstrates that Bishop cannot put forth any evidence raising a reasonable probability that he possessed L-methamphetamine rather than D-methamphetamine. Because there is not even a reasonable probability that Bishop possessed L-methamphetamine rather than D-methamphetamine at the time of his arrest, his counsel's failure to object to his sentence because the government failed to prove that he possessed D-methamphetamine did not prejudice Bishop. Bishop, therefore, was not denied effective assistance of counsel at sentencing and is not entitled to Section 2255 relief. Accordingly, Bishop cannot establish that his counsel's alleged errors prejudiced him.
 
 II.
 
 16
 Bishop also contends that the district court improperly dismissed his motion without granting him an evidentiary hearing. Section 2255 requires the court to grant a prisoner an evidentiary hearing on a motion "[u]nless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1996). However, a court is not required to hold an evidentiary hearing when a prisoner's motion presents no more than "conclusory allegations." United States v. Quan, 789 F.2d 711, 715 (9th Cir.1986). Accordingly, to earn an evidentiary hearing, Bishop was required to allege specific facts regarding which type of methamphetamine was involved in the transaction which if true would entitle him to relief. United States v. McMullen, No. 95-36031, 1996 WL 604087, at * 4 (9th Cir. Oct. 23, 1996).
 
 
 17
 As discussed above, Bishop conceded that the police report and the letter from the Assistant United States Attorney were the only evidence suggesting that he possessed L-methamphetamine. After evaluating this evidence, the district court properly concluded that this evidence amounted to nothing more than conclusory allegations that Bishop possessed L-methamphetamine rather than D-methamphetamine to support his motion. We cannot say that the district court abused its discretion by dismissing Bishop's motion without an evidentiary hearing. Accordingly, the district court order denying Bishop's motion is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bishop failed to object to his sentence on the grounds that the government failed to prove that he possessed D-methamphetamine or on the grounds that the district court failed to find that he possessed D-methamphetamine either at trial or on direct appeal. Therefore, Bishop has waived these claims here, and to the extent that his motion challenges his sentence directly, his motion is barred. United States v. McMullen, No. 95-36031, 1996 WL 604087, at * 2 (9th Cir. Oct. 23, 1996)