**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30044 |
| Plaintiff-Appellee, | D.C. No. 6:16-cr-00096-MC-1 |
| v. | |
| ROBERT DEWAYNE LACEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 13, 2020[**]
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

In 2015, Appellant Robert Lacey pleaded guilty to one count of possession of methamphetamine with intent to distribute. Under his plea agreement, the federal government agreed to recommend a sentence at the low end of the applicable Guidelines range, Lacey agreed to also plead guilty to one outstanding charge in California state court, and the Fresno County District Attorney's Office agreed to dismiss other state charges. After sentencing Lacey to forty-nine months' imprisonment, the district court "recommend[ed] that [he] participate in" the Bureau of Prison's Residential Drug and Alcohol Program (RDAP). While incarcerated, Lacey attempted to apply for RDAP, but he was ineligible because his state criminal charges had not yet been resolved. By the time they were, Lacey missed the deadline to apply for and participate in RDAP.

In 2018, Lacey moved to reduce his sentence, arguing that the government had breached the plea agreement. The district court denied the motion. Lacey moved for reconsideration, which the district court also denied. The district court ordered that a notice of appeal be filed on Lacey's behalf, and this appeal followed.

We construe Lacey's motion to reduce his sentence as a motion under 28 U.S.C. § 2255. Thus, the district court had jurisdiction under 28 U.S.C. § 2255(a). We also construe the district court's order that a notice of appeal be filed on Lacey's behalf as granting Lacey a certificate of appealability. Accordingly, we

2

have jurisdiction under 28 U.S.C. § 2253(a). We have been inconsistent in the standard of review that applies to a claim that the government has breached a plea agreement. *See United States v. Alvarez*, 835 F.3d 1180, 1187 (9th Cir. 2016) (applying de novo review); *United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996) (applying clearly erroneous review). But we need not resolve this inconsistency because the outcome is the same under either standard of review. We affirm.

To determine whether a plea agreement has been breached, we "look to what the defendant reasonably understood when he entered his guilty plea." *United States v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986). Disputes relating to the terms of the agreement are resolved "by objective standards." *Id.*; *see also, e.g.*, *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993) ("Plea agreements are contractual in nature and are measured by contract law standards."). The government will only be "held to the literal terms of the agreement." *United States v. Clark*, 781 F.2d 730, 731 (9th Cir. 1986) (internal quotation marks omitted).

There was no breach of the plea agreement. The plea agreement was contingent on the Fresno County District Attorney's Office dismissing several state charges after Lacey pleaded guilty to one of them, but there was no requirement that the dismissal be accomplished within a particular time frame. Nor does the

plea agreement require that Lacey be afforded the opportunity to apply for RDAP. And the district court's recommendation at sentencing that Lacey participate in RDAP was just that—a recommendation. The district court's statement did not amend the plea agreement or otherwise obligate the Fresno County District Attorney's Office to quickly resolve the state charges. Because Lacey's state charges were eventually dismissed, the government complied with the "literal terms of the agreement." *Id.* (internal quotation marks omitted). Although what occurred is unfortunate, the opportunity to successfully apply for RDAP simply was not promised. In the absence of a breach of the plea agreement, Lacey's request for a sentence reduction was properly denied.

**AFFIRMED.**